ORIGINAL



FILED
APR - 1 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY

1  Mark G. Tratos (CA Bar No. 175354)
   Tyler R. Andrews (CA Bar No. 250686)
2  GREENBERG TRAURIG
   3773 Howard Hughes Parkway
3  Suite 500 North
   Las Vegas, Nevada 89169
4  Telephone: (702) 792-3773
   Facsimile: (702) 792-9002

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

RD LEGAL FUNDING, LLC, a New Jersey limited liability company,

  Plaintiff,

v.

ERWIN & BALINGIT, LLP, a California limited liability partnership; DARRELL N. ERWIN, an individual; and CLARENCE M. BALINGIT, an individual.

  Defendants.

Case No. 08 CV 0597 L RBB

**COMPLAINT**

**JURY DEMAND REQUESTED**

For its complaint against Defendants ERWIN & BALINGIT, LLP ("E&B"), Darrell N. Erwin ("Erwin") and Clarence M. Balingit ("Balingit") (collectively "Defendants"), Plaintiff RD LEGAL FUNDING, LLC, ("RD Legal") complains and alleges as follows:

## NATURE OF ACTION

This is an action for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, breach of fiduciary duty, negligence, and conversion under the applicable statutory and common law of California. Plaintiff seeks damages, attorneys' fees, costs, and declaratory relief.

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) as the matter in controversy exceeds the sum or value of $75,000 and the parties to this action are business entities domiciled in different states.

2.  Venue is proper in the United States District Court for the Southern District of

California pursuant to 28 U.S.C. §§1391(b) because (i) the contract at issue expressly requires the contract be governed under the laws of the State of California and under the exclusive jurisdiction of the State or Federal Courts of the State of California, (ii) Defendant E&B is a California limited liability partnership with a primary place of business in the Southern District of California, and (iii) a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of California.

## THE PARTIES

3. Plaintiff RD Legal is a New Jersey limited liability company with a principal place of business in Englewood, New Jersey.

4. Upon information and belief, Defendant E&B is a California limited liability partnership with a principal place of business in San Diego, California.

5. Upon information and belief, Defendant Erwin is an individual currently residing in San Diego, California.

6. Upon information and belief, Defendant Balingit is an individual currently residing in San Diego, California.

## ALLEGATIONS COMMON TO ALL COUNTS

7. RD Legal accelerates the legal fees to which attorneys and law firms (the "Clients") are entitled after the settlement of specific actions.

8. Upon information and belief, E&B is a law firm in San Diego, California that is owned and operated by Defendant Erwin and Defendant Balingit, specializing in Plaintiffs' lawsuits taken on a contingency basis.

9. E&B is one of several law firms that represented shareholders involved in the consolidated shareholder derivative action of In Re HCA, Inc., Chancery Court, Davidson County, Tennessee, Master Docket No. 06-1816-III (the "HCA Litigation"), consolidated on January 5, 2006.

10. In or around January of 2007, the HCA Litigation was tentatively settled, and the Defendants represented and warranted to RD Legal that E&B was entitled to, at the very least, a legal fee in the amount of $70,251.15 (the "HCA Legal Fee").

11. On March 8, 2007, and in reliance upon the Defendants' representation concerning the HCA Legal Fee, RD Legal entered into an Assignment and Sale Agreement (the "HCA Agreement") with E&B whereby RD Legal agreed to purchase the HCA Legal Fee from E&B.

12. On March 8, 2007, as additional consideration and collateral for the HCA Agreement, both Defendant Erwin and Defendant Balingit executed written performance guarantees that unconditionally guaranteed the performance, obligations, representations, warranties, covenants, indemnifications and agreements of E&B pursuant to the HCA Agreement.

13. On March 8, 2007, concurrently with the execution of the HCA Agreement, RD Legal and E&B executed a Notice of Assignment and Lien (the "HCA Notice") and sent such Notice to the law firm of Lerach, Coughlin, Stoia, Geller, Rudman, & Robbins, LLC, (the "Robbins Firm"), which was the lead Plaintiffs' counsel in the HCA Litigation.

14. The Notice sent by RD Legal and E&B to the Robbins Firm informed the Robbins Firm of RD Legal's right, title, and interest to the HCA Legal Fee, as a portion of the settlement amount in the HCA Litigation.

15. E&B also represented Plaintiff Joshua Avery ("Avery") in his claim for injuries against Defendant Jack J. Werdowatz ("Werdowatz") resulting in 21st Century Insurance Company Claim File Number 1531774-01 SD-65 (the "Avery Claim").

16. In or around March of 2007, the Avery Claim was settled pursuant to a written settlement agreement for the amount of $350,000 (the "Avery Settlement"). E&B, as Avery's counsel, represented and warranted to RD Legal that it was entitled to a legal fee from the Avery Settlement in the amount of, at the very least, $163,786.89 (the "Avery Legal Fee").

17. On March 23, 2007, RD Legal and E&B entered into an Assignment and Sale Agreement (the "Avery Agreement") whereby RD Legal agreed to purchase the Avery Legal Fee from E&B.

18. On March 23, 2007, as additional consideration and collateral for the Avery

Agreement, both Defendant Erwin and Defendant Balingit executed written performance guarantees that unconditionally guaranteed the performance, obligations, representations, warranties, covenants, indemnifications and agreements of E&B pursuant to the Avery Agreement.

19. On March 23, 2007, concurrently with the execution of the Avery Agreement, RD Legal and E&B executed a Notice of Assignment and Lien (the "Avery Notice") and sent such Notice to 21st Century Insurance Company, which was the insurance company covering the settlement amount on behalf of Werdowatz in connection with the Avery Claim.

20. The Avery Notice sent by RD Legal and E&B to the 21st Century Insurance Company informed the 21st Century Insurance Company of RD Legal's right, title, and interest to the Avery Legal Fee, as a portion of the settlement amount for the Avery Claim.

21. Pursuant to both the HCA Agreement and the Avery Agreement, Defendants warranted and represented to RD Legal that Defendants were entitled to the full amounts of the Avery Legal Fee and the HCA Legal Fee, and that such amounts would be transferred in full to RD Legal pursuant to the HCA Agreement and the Avery Agreement.

22. After the HCA Litigation and the Avery Claim were both settled, E&B received the HCA Legal Fee and the Avery Legal Fee. However, E&B did not, and has not to this day, transferred or deposited the HCA Legal Fee or the Avery Legal Fee to RD Legal as required under both the HCA Agreement and the Avery Agreement (collectively, the "Agreements"). As such, Defendants have converted and misappropriated funds owned by RD Legal and have violated and breached their performance guarantees under the Agreements.

23. On February 3, 2008, Defendant Erwin wrote to RD Legal and informed RD Legal that a former partner at E&B, Defendant Balingit, had "apparently negotiated and then took the [HCA Legal Fee] directly from the [Robbins] Firm."

24. Erwin's February 3, 2008 letter to RD Legal further stated that E&B acknowledged that Defendant Balingit had converted, misappropriated, and "accepted

1  $75,000.00 as payment in full" for the HCA Legal Fee and "took the money for his own use." The letter further acknowledged to RD Legal that "we owe you money" for the HCA and Avery Legal Fees and requested that E&B be given more time to "rectify the situation."

25. RD Legal sent Defendant Erwin return correspondence on February 7, 2008, acknowledging Defendant Erwin's February 3, 2008, letter and notifying Defendant Erwin that RD Legal would instruct counsel to commence litigation for payment of the HCA Legal Fee and the Avery Legal Fee as required under the Agreements.

26. Defendants have each materially breached the Agreements by failing to remit, deliver, or transfer the HCA Legal Fee and the Avery Legal Fee (collectively, the "Legal Fees") to RD Legal as required under the Agreements, thereby converting funds owned by RD Legal.

27. Defendants have each materially breached the Agreements by misappropriating the HCA Legal Fee and the Avery Legal Fee.

28. Defendants have each breached their fiduciary duty to RD Legal by failing to adhere to the terms of the Agreements and failing to remit, deliver, or transfer the Legal Fees to RD Legal.

29. Defendants are each liable for the tort of conversion, as they have admittedly taken the Legal Fees, purchased assets belonging to RD Legal under the RD Legal Agreements, for their own use without compensation to RD Legal.

30. Based on Defendants' conversion, breach of fiduciary duty, and breach of the Agreements, Defendants are liable to RD Legal for the Legal Fees, plus all related default interest, attorney fees, costs and penalties as provided for under the RD Legal Agreements.

### FIRST CLAIM FOR RELIEF

#### Breach of Contract

31. RD Legal incorporates the allegations in the preceding paragraphs as if fully set forth herein.

32. The Agreements between RD Legal and E&B are valid and enforceable

contracts, supported by good and adequate consideration, requiring E&B to deliver the HCA Legal Fee and the Avery Legal Fee to RD Legal.

33. RD Legal has performed in full all of the obligations, covenants and conditions required to be performed on its part under the Agreements, except for any obligations, covenants and conditions from which it has been lawfully excused from performing as a result of the actions of Defendants.

34. Defendants breached the terms of the Agreements by materially misrepresenting their entitlement to the full amounts of the HCA Legal Fee and the Avery Legal Fee as required under the Agreements.

35. Defendants breached the terms of the Agreements by failing to deliver the HCA Legal Fee and the Avery Legal Fee to RD Legal as required under the Agreements.

36. As a direct and proximate result of Defendants' breaches of the Agreements, RD Legal has been harmed and has sustained damages in excess of $75,000.00.

37. RD Legal has been forced to retain legal counsel to pursue its rights under the terms of the Agreements and seeks recovery of all reasonable attorney fees and costs to prosecute this action in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### Breach of the Covenant of Good Faith and Fair Dealing

38. RD Legal incorporates the allegations in the preceding paragraphs as if fully set forth herein.

39. Under applicable law, the Agreements contain an implied covenant of good faith and fair dealing.

40. By and through their actions, omissions, failure to accurately represent their complete entitlement to the Legal Fees, and failure to deliver the Legal Fees to RD Legal, Defendants have violated the implied covenant of good faith and fair dealing.

41. As a direct and proximate result of Defendants' breaches of the implied covenant of good faith and fair dealing, RD Legal has been irreparably harmed and has sustained damages in excess of $75,000.00.

42. RD Legal has been forced to retain legal counsel to pursue its rights under the terms of the Agreements and seeks recovery of all reasonable attorney fees and costs to prosecute this action in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF

#### Unjust Enrichment

43. RD Legal incorporates the allegations in the preceding paragraphs as if fully set forth herein.

44. RD Legal has conferred an economic benefit upon Defendants by paying the purchase price for the Legal Fees, which have not been delivered to RD Legal.

45. Defendants knew or should have known that RD Legal, as Defendants' express assignee, expected to receive the Legal Fees in their entirety from the Defendants, plus all applicable default interest, costs, attorney fees, and penalties.

46. By and through their breach of the Agreements, material misrepresentations, and failure to deliver the Legal Fees to RD Legal, Defendants have been unjustly enriched at the expense of RD Legal in a sum in excess of $75,000.00.

47. RD Legal has been forced to retain legal counsel to pursue its rights under the terms of the Agreements and seeks recovery of all reasonable attorney fees and costs to prosecute this action in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF

#### Breach of Fiduciary Duty

48. RD Legal incorporates the allegations in the preceding paragraphs as if fully set forth herein.

49. Defendants had fiduciary obligations to RD Legal under the Agreements to accurately represent and warrant their legal entitlement to the Legal Fees sold to RD Legal under the Agreements.

50. Defendants had fiduciary obligations to RD Legal under the Agreements requiring Defendants to deliver the Legal Fees to RD Legal.

51. Defendants, through the Agreements, expressly covenanted and promised to

1  RD Legal that, among other things, "[Defendants] shall hold [the Legal Fees] in safekeeping
2  and trust as [RD Legal's] agent and fiduciary."
3     52.   Defendants, through the Agreements, expressly covenanted and promised to
4  RD Legal that, among other things, that "in the event that [Defendants] distribute any
5  proceeds that [Defendants] receive belonging to [RD Legal], and such amount is not
6  otherwise paid to [RD Legal] when due under the terms of [the] Agreement[s], [Defendants]
7  admit that [Defendants] are in immediate breach of its obligations as a fiduciary" to RD
8  Legal.
9     53.   Defendants expressly guaranteed and confirmed that Defendants "owed a
10 fiduciary responsibility to RD Legal" for the Legal Fees under both Agreements, and that
11 Defendants were aware of and understood this fact.
12    54.   As Defendants did not accurately represent and warrant their legal
13 entitlement to the Legal Fees as required under the Agreements, Defendants have
14 breached their fiduciary duties to RD Legal.
15    55.   As the Legal Fees were not delivered to RD Legal, nor have the Legal Fees
16 been held in safekeeping and trust, Defendants have breached their fiduciary duties to RD
17 Legal.
18    56.   As a direct and proximate result of Defendants' breaches of fiduciary duty, RD
19 Legal has been irreparably harmed and has sustained damages in excess of $75,000.00.
20    57.   RD Legal has been forced to retain legal counsel to pursue its rights under
21 the terms of the Agreements and seeks recovery of all reasonable attorney fees and costs
22 to prosecute this action in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF

#### Negligence

25    58.   RD Legal incorporates the allegations in the preceding paragraphs as if fully
26 set forth herein.
27    59.   Defendants, as RD Legal's agents and fiduciaries, owed a duty of reasonable
28 care to RD Legal with respect to the Legal Fees.

60. Defendants, through the Agreements, expressly covenanted and promised to RD Legal that, among other things, "[Defendants] shall hold [the Legal Fees] in safekeeping and trust as [RD Legal's] agent and fiduciary."

61. Defendants, through the Agreements, expressly covenanted and promised to RD Legal that, among other things, that "in the event that [Defendants] distribute any proceeds that [Defendants] receive belonging to [RD Legal], and such amount is not otherwise paid to [RD Legal] when due under the terms of [the] Agreements, [Defendants] admit that [Defendants] ha[ve] been negligent and that [RD Legal] shall be able to immediately recover the Legal Fees plus losses with interest calculated theron."

62. As the Legal Fees were not delivered to RD Legal, nor have the Legal Fees been held in safekeeping and trust, Defendants have negligently breached their duty of care to RD Legal.

63. As a direct and proximate result of Defendants' negligence, RD Legal has been irreparably harmed and has sustained damages in excess of $75,000.00.

64. RD Legal has been forced to retain legal counsel to pursue its rights under the terms of the Agreements and seeks recovery of all reasonable attorney fees and costs to prosecute this action in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF

Conversion

65. RD Legal incorporates the allegations in the preceding paragraphs as if fully set forth herein.

66. RD Legal, as a purchaser and an assignee of the Legal Fees under the Agreements, owns and has a right to possess the HCA Legal Fee and the Avery Legal Fee.

67. Defendants, through their various improper actions and breaches of contract, have intentionally interfered with RD Legal's personal property and right to possess the HCA Legal Fee and the Avery Legal Fee.

68. Defendants' intentional interference with RD Legal's right to possess the Legal Fees has deprived RD Legal of the value and the possession of the Legal Fees.

69. As a direct and proximate result of Defendants' conversion, RD Legal has been irreparably harmed and has sustained damages in excess of $75,000.00.

70. RD Legal has been forced to retain legal counsel to pursue its rights and seeks recovery of all reasonable attorney fees and costs to prosecute this action in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, RD Legal respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. A declaration finding that (i) RD Legal is the valid and exclusive assignee of the Legal Fees under the Agreements and owner of all right, title, and interest in the Legal Fees, and (ii) Defendants have breached the Agreements and harmed RD Legal's rights in and to the Legal Fees by misappropriating and converting the Legal Fees;

B. A finding that Defendants materially breached the Agreements;

C. A finding that Defendants are liable for conversion of the Legal Fees;

D. An award of compensatory, consequential, statutory and punitive damages to RD Legal in an amount to be determined at trial;

E. An award of interest, costs, attorneys' fees incurred by RD Legal in prosecuting this action; and

F. All other relief to which RD Legal is entitled.

DATED: March 31, 2008.

GREENBERG TRAURIG

Mark G. Tratos (CA Bar No. 175354)
Tyler R. Andrews (CA Bar No. 250686)
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Counsel for Plaintiff

```
          UNITED STATES
          DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

         # 149273     - SH

           April 02, 2008
              09:07:44

          Civ Fil Non-Pris
   USAO #.: 08CV0597
   Judge..: M. JAMES LORENZ
   Amount.:
   Check#.: BC003494          $350.00 CK


         Total-> $350.00


     FROM: RD LEGAL FUNDING V. ERWIN & BA
```

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RD Legal Funding, LLC

### DEFENDANTS
Erwin & Balingit, LLP; Darrell N. Erwin; and Clarence M. Balingit

FILED
APR - 1 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

(b) County of Residence of First Listed Plaintiff   New Jersey
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   California
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Tyler R. Andrews, Esq., Greenberg Traurig, LLP, 3773 Howard Hughes Pkwy, Suite 500 North, Las Vegas, Nevada 89169; 702-792-3773

Attorneys (If Known)
**'08 CV 0597 L RBB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC 1332

Brief description of cause: Misappropriation of legal fees and breach of contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # 149273  AMOUNT $350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

SA 4/2/08