UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RD LEGAL FUNDING, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ERWIN & BALINGIT, LLP, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 08cv597-L(RBB) <br><br> **ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff RD Legal Funding, LLC ("RD Legal") filed a complaint for breach of contract and other state law claims based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Because the complaint fails to allege the facts necessary to determine whether the parties are diverse, it is dismissed for lack of subject matter jurisdiction.

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

The plaintiff bears the burden of demonstrating that jurisdiction is properly before the court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). The complaint must affirmatively allege the state of citizenship of each party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 551 (9th Cir. 1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001).

Plaintiff alleges that it is a New Jersey limited liability company with a principal place of business in Englewood, New Jersey, Defendant Erwin & Balingit, LLP is a California limited liability partnership with a principal place of business in San Diego, California, and that Defendants Darrell N. Erwin and Clarence M. Balingit are individuals currently residing in San Diego, California. (Compl. at 2.)

For diversity purposes, a person is a citizen of a state in which he is domiciled. *Kanter*, 265 F.3d at 857. Plaintiff does not allege where Messrs. Erwin and Balingit are domiciled, but were they currently reside. "But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Id*. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id*. Accordingly, Plaintiff fails to adequately allege citizenship of Messrs. Erwin and Balingit for purposes of diversity jurisdiction. *See id.*

Furthermore, the citizenship of a limited liability company or a limited liability partnership is determined by examining the citizenship of each of its members or partners. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). Plaintiff does not allege the citizenship of each of its own members or of Defendant Erwin & Balingit, LLP's members or partners, which is necessary to establish diversity in this case.

Because the complaint does not allege the facts necessary to establish diversity as required by 28 U.S.C. § 1332, it is **DISMISSED** for lack of subject matter jurisdiction. Plaintiff

/ / / / /

/ / / / /

/ / / / /

/ / / / /

may amend the complaint to correct this pleading defect. *See* 28 U.S.C. § 1653. Any such amended complaint shall be filed no later than **April 21, 2008**.

**IT IS SO ORDERED**.

DATED: April 4, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL