ORIGINAL

1  Mark G. Tratos (CA Bar No. 175354)
   Tyler R. Andrews (CA Bar No. 250686)
2  GREENBERG TRAURIG
   3773 Howard Hughes Parkway
3  Suite 500 North
   Las Vegas, Nevada 89169
4  Telephone: (702) 792-3773
   Facsimile: (702) 792-9002
5
   Counsel for Plaintiff
6

7              UNITED STATES DISTRICT COURT

8            SOUTHERN DISTRICT OF CALIFORNIA

9  RD LEGAL FUNDING, LLC, a New Jersey
   limited liability company,
10                                          Case No. 08-CV-0597-L-RBB
              Plaintiff,
11                                          FIRST AMENDED COMPLAINT
   v.
                                            JURY DEMAND REQUESTED
12 ERWIN & BALINGIT, LLP, a California
   limited liability partnership; DARRELL N.
13 ERWIN, an individual; and CLARENCE M.
   BALINGIT, an individual.
14
              Defendants.
15

16      For its first amended complaint against Defendants ERWIN & BALINGIT, LLP

17 ("E&B"), Darrell N. Erwin ("Erwin") and Clarence M. Balingit ("Balingit") (collectively

18 "Defendants"), Plaintiff RD LEGAL FUNDING, LLC, ("RD Legal") complains and alleges as

19 follows:

20                          **NATURE OF ACTION**

21      This is an action for breach of contract, breach of the implied covenant of good faith

22 and fair dealing, unjust enrichment, breach of fiduciary duty, negligence, and conversion

23 under the applicable statutory and common law of California.  Plaintiff seeks damages,

24 attorneys' fees, costs, and declarative relief.

25                      **JURISDICTION AND VENUE**

26      1.   This Court has subject matter jurisdiction over this action pursuant to 28

27 U.S.C. §§ 1332(a) as the matter in controversy exceeds the sum or value of $75,000 and

28 the parties to this action are business entities domiciled in different states.

*Greenberg Traurig, LLP*
*Suite 500 North, 3773 Howard Hughes Parkway*
*Las Vegas, Nevada 89169*
*(702) 792-3773*
*(702) 792-9002 (fax)*

2.    Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§1391(b) because (i) the contract at issue expressly requires the contract be governed under the laws of the State of California and under the exclusive jurisdiction of the State or Federal Courts of the State of California, (ii) Defendant E&B is a California limited liability partnership with a primary place of business in the Southern District of California, and (iii) a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of California.

## THE PARTIES

3.    Plaintiff RD Legal is a New Jersey limited liability company with a principal place of business in Englewood, New Jersey.

4.    Plaintiff RD Legal's sole members, Roni and Pamela Dersovitz, are both citizens of the State of New Jersey.

5.    Upon information and belief, Defendant E&B is a California limited liability partnership with a principal place of business in San Diego, California.

6.    Upon information and belief, Defendant E&B's sole partners and members are Defendant Erwin and Defendant Balingit.

7.    Upon information and belief, Defendant Erwin is an individual currently residing in San Diego, California, and a citizen of the State of California.

8.    Upon information and belief, Defendant Balingit is an individual currently residing in San Diego, California, and a citizen of the State of California.

## ALLEGATIONS COMMON TO ALL COUNTS

9.    RD Legal accelerates the legal fees to which attorneys and law firms (the "Clients") are entitled after the settlement of specific actions.

10.    Upon information and belief, E&B is a law firm in San Diego, California that is owned and operated by Defendant Erwin and Defendant Balingit, specializing in Plaintiffs' lawsuits taken on a contingency basis.

11.    E&B is one of several law firms that represented shareholders involved in the consolidated shareholder derivative action of In Re HCA, Inc., Chancery Court, Davidson

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada  89169
(702) 792-3773
(702) 792-9002 (fax)

1  County, Tennessee, Master Docket No. 06-1816-III (the "HCA Litigation"), consolidated on
2  January 5, 2006.

3      12.    In or around January of 2007, the HCA Litigation was tentatively settled, and
4  the Defendants represented and warranted to RD Legal that E&B was entitled to, at the
5  very least, a legal fee in the amount of $70,251.15 (the "HCA Legal Fee").

6      13.    On March 8, 2007, and in reliance upon the Defendants' representation
7  concerning the HCA Legal Fee, RD Legal entered into an Assignment and Sale Agreement
8  (the "HCA Agreement") with E&B whereby RD Legal agreed to purchase the HCA Legal
9  Fee from E&B.

10     14.    On March 8, 2007, as additional consideration and collateral for the HCA
11 Agreement, both Defendant Erwin and Defendant Balingit executed written performance
12 guarantees that unconditionally guaranteed the performance, obligations, representations,
13 warranties, covenants, indemnifications and agreements of E&B pursuant to the HCA
14 Agreement.

15     15.    On March 8, 2007, concurrently with the execution of the HCA Agreement,
16 RD Legal and E&B executed a Notice of Assignment and Lien (the "HCA Notice") and sent
17 such Notice to the law firm of Lerach, Coughlin, Stoia, Geller, Rudman, & Robbins, LLC,
18 (the "Robbins Firm"), which was the lead Plaintiffs' counsel in the HCA Litigation.

19     16.    The Notice sent by RD Legal and E&B to the Robbins Firm informed the
20 Robbins Firm of RD Legal's right, title, and interest to the HCA Legal Fee, as a portion of
21 the settlement amount in the HCA Litigation.

22     17.    E&B also represented Plaintiff Joshua Avery ("Avery") in his claim for injuries
23 against Defendant Jack J. Werdowatz ("Werdowatz") resulting in 21st Century Insurance
24 Company Claim File Number 1531774-01 SD-65 (the "Avery Claim").

25     18.    In or around March of 2007, the Avery Claim was settled pursuant to a written
26 settlement agreement for the amount of $350,000 (the "Avery Settlement"). E&B, as
27 Avery's counsel, represented and warranted to RD Legal that it was entitled to a legal fee
28 from the Avery Settlement in the amount of, at the very least, $163,786.89 (the "Avery

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

1  Legal Fee").

2      19.    On March 23, 2007, RD Legal and E&B entered into an Assignment and Sale

3  Agreement (the "Avery Agreement") whereby RD Legal agreed to purchase the Avery

4  Legal Fee from E&B.

5      20.    On March 23, 2007, as additional consideration and collateral for the Avery

6  Agreement, both Defendant Erwin and Defendant Balingit executed written performance

7  guarantees that unconditionally guaranteed the performance, obligations, representations,

8  warranties, covenants, indemnifications and agreements of E&B pursuant to the Avery

9  Agreement.

10      21.    On March 23, 2007, concurrently with the execution of the Avery Agreement,

11  RD Legal and E&B executed a Notice of Assignment and Lien (the "Avery Notice") and sent

12  such Notice to 21st Century Insurance Company, which was the insurance company

13  covering the settlement amount on behalf of Werdowatz in connection with the Avery

14  Claim.

15      22.    The Avery Notice sent by RD Legal and E&B to the 21st Century Insurance

16  Company informed the 21st Century Insurance Company of RD Legal's right, title, and

17  interest to the Avery Legal Fee, as a portion of the settlement amount for the Avery Claim.

18      23.    Pursuant to both the HCA Agreement and the Avery Agreement, Defendants

19  warranted and represented to RD Legal that Defendants were entitled to the full amounts of

20  the Avery Legal Fee and the HCA Legal Fee, and that such amounts would be transferred

21  in full to RD Legal pursuant to the HCA Agreement and the Avery Agreement.

22      24.    After the HCA Litigation and the Avery Claim were both settled, E&B received

23  the HCA Legal Fee and the Avery Legal Fee. However, E&B did not, and has not to this

24  day, transferred or deposited the HCA Legal Fee or the Avery Legal Fee to RD Legal as

25  required under both the HCA Agreement and the Avery Agreement (collectively, the

26  "Agreements"). As such, Defendants have converted and misappropriated funds owned by

27  RD Legal and have violated and breached their performance guarantees under the

28  Agreements.

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada  89169
(702) 792-3773
(702) 792-9002 (fax)

25.    On February 3, 2008, Defendant Erwin wrote to RD Legal and informed RD Legal that a former partner at E&B, Defendant Balingit, had "apparently negotiated and then took the [HCA Legal Fee] directly from the [Robbins] Firm."

26.    Erwin's February 3, 2008 letter to RD Legal further stated that E&B acknowledged that Defendant Balingit had converted, misappropriated, and "accepted $75,000.00 as payment in full" for the HCA Legal Fee and "took the money for his own use." The letter further acknowledged to RD Legal that "we owe you money" for the HCA and Avery Legal Fees and requested that E&B be given more time to "rectify the situation."

27.    RD Legal sent Defendant Erwin return correspondence on February 7, 2008, acknowledging Defendant Erwin's February 3, 2008, letter and notifying Defendant Erwin that RD Legal would instruct counsel to commence litigation for payment of the HCA Legal Fee and the Avery Legal Fee as required under the Agreements.

28.    Defendants have each materially breached the Agreements by failing to remit, deliver, or transfer the HCA Legal Fee and the Avery Legal Fee (collectively, the "Legal Fees") to RD Legal as required under the Agreements, thereby converting funds owned by RD Legal.

29.    Defendants have each materially breached the Agreements by misappropriating the HCA Legal Fee and the Avery Legal Fee.

30.    Defendants have each breached their fiduciary duty to RD Legal by failing to adhere to the terms of the Agreements and failing to remit, deliver, or transfer the Legal Fees to RD Legal.

31.    Defendants are each liable for the tort of conversion, as they have admittedly taken the Legal Fees, purchased assets belonging to RD Legal under the RD Legal Agreements, for their own use without compensation to RD Legal.

32.    Based on Defendants' conversion, breach of fiduciary duty, and breach of the Agreements, Defendants are liable to RD Legal for the Legal Fees, plus all related default interest, attorney fees, costs and penalties as provided for under the RD Legal Agreements.

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

//

# FIRST CLAIM FOR RELIEF

## Breach of Contract

33.    RD Legal incorporates the allegations in the preceding paragraphs as if fully set forth herein.

34.    The Agreements between RD Legal and E&B are valid and enforceable contracts, supported by good and adequate consideration, requiring E&B to deliver the HCA Legal Fee and the Avery Legal Fee to RD Legal.

35.    RD Legal has performed in full all of the obligations, covenants and conditions required to be performed on its part under the Agreements, except for any obligations, covenants and conditions from which it has been lawfully excused from performing as a result of the actions of Defendants.

36.    Defendants breached the terms of the Agreements by materially misrepresenting their entitlement to the full amounts of the HCA Legal Fee and the Avery Legal Fee as required under the Agreements.

37.    Defendants breached the terms of the Agreements by failing to deliver the HCA Legal Fee and the Avery Legal Fee to RD Legal as required under the Agreements.

38.    As a direct and proximate result of Defendants' breaches of the Agreements, RD Legal has been harmed and has sustained damages in excess of $75,000.00.

39.    RD Legal has been forced to retain legal counsel to pursue its rights under the terms of the Agreements and seeks recovery of all reasonable attorney fees and costs to prosecute this action in an amount to be proven at trial.

# SECOND CLAIM FOR RELIEF

## Breach of the Covenant of Good Faith and Fair Dealing

40.    RD Legal incorporates the allegations in the preceding paragraphs as if fully set forth herein.

41.    Under applicable law, the Agreements contain an implied covenant of good faith and fair dealing.

6

1    42.    By and through their actions, omissions, failure to accurately represent their

2 complete entitlement to the Legal Fees, and failure to deliver the Legal Fees to RD Legal,

3 Defendants have violated the implied covenant of good faith and fair dealing.

4    43.    As a direct and proximate result of Defendants' breaches of the implied

5 covenant of good faith and fair dealing, RD Legal has been irreparably harmed and has

6 sustained damages in excess of $75,000.00.

7    44.    RD Legal has been forced to retain legal counsel to pursue its rights under

8 the terms of the Agreements and seeks recovery of all reasonable attorney fees and costs

9 to prosecute this action in an amount to be proven at trial.

10                          **THIRD CLAIM FOR RELIEF**

11                               Unjust Enrichment

12    45.    RD Legal incorporates the allegations in the preceding paragraphs as if fully

13 set forth herein.

14    46.    RD Legal has conferred an economic benefit upon Defendants by paying the

15 purchase price for the Legal Fees, which have not been delivered to RD Legal.

16    47.    Defendants knew or should have known that RD Legal, as Defendants'

17 express assignee, expected to receive the Legal Fees in their entirety from the Defendants,

18 plus all applicable default interest, costs, attorney fees, and penalties.

19    48.    By and through their breach of the Agreements, material misrepresentations,

20 and failure to deliver the Legal Fees to RD Legal, Defendants have been unjustly enriched

21 at the expense of RD Legal in a sum in excess of $75,000.00.

22    49.    RD Legal has been forced to retain legal counsel to pursue its rights under

23 the terms of the Agreements and seeks recovery of all reasonable attorney fees and costs

24 to prosecute this action in an amount to be proven at trial.

25                          **FOURTH CLAIM FOR RELIEF**

26                              Breach of Fiduciary Duty

27    50.    RD Legal incorporates the allegations in the preceding paragraphs as if fully

28 set forth herein.

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

7

51. Defendants had fiduciary obligations to RD Legal under the Agreements to accurately represent and warrant their legal entitlement to the Legal Fees sold to RD Legal under the Agreements.

52. Defendants had fiduciary obligations to RD Legal under the Agreements requiring Defendants to deliver the Legal Fees to RD Legal.

53. Defendants, through the Agreements, expressly covenanted and promised to RD Legal that, among other things, "[Defendants] shall hold [the Legal Fees] in safekeeping and trust as [RD Legal's] agent and fiduciary."

54. Defendants, through the Agreements, expressly covenanted and promised to RD Legal that, among other things, that "in the event that [Defendants] distribute any proceeds that [Defendants] receive belonging to [RD Legal], and such amount is not otherwise paid to [RD Legal] when due under the terms of [the] Agreement[s], [Defendants] admit that [Defendants] are in immediate breach of its obligations as a fiduciary" to RD Legal.

55. Defendants expressly guaranteed and confirmed that Defendants "owed a fiduciary responsibility to RD Legal" for the Legal Fees under both Agreements, and that Defendants were aware of and understood this fact.

56. As Defendants did not accurately represent and warrant their legal entitlement to the Legal Fees as required under the Agreements, Defendants have breached their fiduciary duties to RD Legal.

57. As the Legal Fees were not delivered to RD Legal, nor have the Legal Fees been held in safekeeping and trust, Defendants have breached their fiduciary duties to RD Legal.

58. As a direct and proximate result of Defendants' breaches of fiduciary duty, RD Legal has been irreparably harmed and has sustained damages in excess of $75,000.00.

59. RD Legal has been forced to retain legal counsel to pursue its rights under the terms of the Agreements and seeks recovery of all reasonable attorney fees and costs to prosecute this action in an amount to be proven at trial.

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

## FIFTH CLAIM FOR RELIEF

### Negligence

60.    RD Legal incorporates the allegations in the preceding paragraphs as if fully set forth herein.

61.    Defendants, as RD Legal's agents and fiduciaries, owed a duty of reasonable care to RD Legal with respect to the Legal Fees.

62.    Defendants, through the Agreements, expressly covenanted and promised to RD Legal that, among other things, "[Defendants] shall hold [the Legal Fees] in safekeeping and trust as [RD Legal's] agent and fiduciary."

63.    Defendants, through the Agreements, expressly covenanted and promised to RD Legal that, among other things, that "in the event that [Defendants] distribute any proceeds that [Defendants] receive belonging to [RD Legal], and such amount is not otherwise paid to [RD Legal] when due under the terms of [the] Agreements, [Defendants] admit that [Defendants] ha[ve] been negligent and that [RD Legal] shall be able to immediately recover the Legal Fees plus losses with interest calculated theron."

64.    As the Legal Fees were not delivered to RD Legal, nor have the Legal Fees been held in safekeeping and trust, Defendants have negligently breached their duty of care to RD Legal.

65.    As a direct and proximate result of Defendants' negligence, RD Legal has been irreparably harmed and has sustained damages in excess of $75,000.00.

66.    RD Legal has been forced to retain legal counsel to pursue its rights under the terms of the Agreements and seeks recovery of all reasonable attorney fees and costs to prosecute this action in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### Conversion

67.    RD Legal incorporates the allegations in the preceding paragraphs as if fully set forth herein.

68.    RD Legal, as a purchaser and an assignee of the Legal Fees under the

1  Agreements, owns and has a right to possess the HCA Legal Fee and the Avery Legal Fee.

2      69.    Defendants, through their various improper actions and breaches of contract,

3  have intentionally interfered with RD Legal's personal property and right to possess the

4  HCA Legal Fee and the Avery Legal Fee.

5      70.    Defendants' intentional interference with RD Legal's right to possess the

6  Legal Fees has deprived RD Legal of the value and the possession of the Legal Fees.

7      71.    As a direct and proximate result of Defendants' conversion, RD Legal has

8  been irreparably harmed and has sustained damages in excess of $75,000.00.

9      72.    RD Legal has been forced to retain legal counsel to pursue its rights and

10  seeks recovery of all reasonable attorney fees and costs to prosecute this action in an

11  amount to be proven at trial.

## PRAYER FOR RELIEF

13      WHEREFORE, RD Legal respectfully requests that this Court enter judgment in its

14  favor and grant the following relief:

15  A.    A declaration finding that (i) RD Legal is the valid and exclusive assignee of

16      the Legal Fees under the Agreements and owner of all right, title, and interest

17      in the Legal Fees, and (ii) Defendants have breached the Agreements and

18      harmed RD Legal's rights in and to the Legal Fees by misappropriating and

19      converting the Legal Fees;

20  B.    A finding that Defendants materially breached the Agreements;

21  C.    A finding that Defendants are liable for conversion of the Legal Fees;

22  D.    An award of compensatory, consequential, statutory and punitive damages to

23      RD Legal in an amount to be determined at trial;

24  E.    An award of interest, costs, attorneys' fees incurred by RD Legal in

25      prosecuting this action; and

26  //

27  //

28  //

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

1    //

2    F.    All other relief to which RD Legal is entitled.

3    DATED:  April 9, 2008.

4    GREENBERG TRAURIG

5

6    Mark G. Tratos (CA Bar No. 175354)
7    Tyler R. Andrews (CA Bar No. 250686)
     3773 Howard Hughes Parkway
8    Suite 500 North
     Las Vegas, Nevada 89169
9    Counsel for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28