Darrell N. Erwin
1540 6th Avenue
San Diego, CA 92101
Telephone (619) 696-3200
Facsimile  (619) 466-3210

FILED
08 MAY 19 PM 4:13
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

In Pro Per for Darrell N. Erwin and Erwin & Balingit, L.L.P.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RD LEGAL FUNDING, LLC, a New Jersey limited liability company,<br><br>Plaintiff,<br><br>V.<br><br>ERWIN & BALINGIT, LLP, a California Limited liability partnership; DARRELL N. ERWIN, an individual; and CLARENCE BALINGIT, an individual<br><br>Defendants | Case No.: 08-CV-0597-L-RBB<br><br>DEFENDANTS DARRELL N. ERWIN and ERWIN & BALINGIT, LLPs ANSWER TO PLAINTIFF'S COMPLAINT |

**COMES NOW** defendants DARRELL N. ERWIN (hereinafter "ERWIN") and ERWIN & BALINGIT, LLP (hereinafter "E&B") and responds to the complaint filed by RD LEGAL FUNDING, LLP (hereinafter "RD") as follows:

## GENERAL DENIAL

Pursuant to the provisions of CCP Section 431.30 (d), defendants ERWIN and E&B deny generally and specifically each and every allegation contained within the Complaint, and further denies that plaintiff has been damaged in any sum whatsoever.

///

///

///

///

- 1 -

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

As and for a first separate and affirmative defense to the Complaint, these answering defendants are informed and believe and thereon alleges that the Complaint and each component cause of action fails to state facts sufficient to constitute a cause of action against these answering defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Laches)

As and for a second separate and affirmative defense to the Complaint, these answering defendants are informed and believe and thereon allege that the plaintiff has waited an excessive amount of time to bring the complaint as against the "Avery" cause of actions, and as a result thereof, evidence has disappeared, been altered, and/or witnesses once available no longer are.

### THIRD AFFIRMATIVE DEFENSE

### (Uncertainty of pleadings)

As and for a third separate and affirmative defense to the Complaint, these answering defendants are informed and believe and thereon alleges that the Complaint and each component cause of action fails to state facts sufficient to constitute a cause of action against these answering defendants, and that a consequence thereof, these answering defendants are uncertain to each and every separate component to the complaint thus giving rise to the uncertainty of the pleadings set forth in plaintiff's Complaint, especially, but not limited to, the intentional tort allegations stated in the complaint.

///
///
///
///
///
///

## FOURTH AFFIRMATIVE DEFENSE

### (Prematurity)

As and for a fourth separate and affirmative defense to the Complaint, these answering defendants are informed and believe and thereon alleges that the Complaint and each component cause of action fails for prematurity in that the fees to be gotten by these named defendants from the "HCA" case which is the basis for the condition precedent to the fulfillment of these named defendants' contract for monies owed to RD. Plaintiff incorrectly alleges that the fees received thus far on the HCA matter were done so in compromise for the initial amount collected.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

As and for a fifth separate and affirmative defense to the Complaint, these answering defendants are informed and believe and thereon allege that no relief may be obtained under this Complaint by reason of plaintiff's failure to do equity in the matters alleged in the Complaint, including, but not limited to, failing to wait the requisite time to receive the HCA fees for which plaintiff has knowledge of the fact that all fees have not been collected to date, and that these named defendants have informed plaintiff of their intent to pursue the remainder of the fees which would make this plaintiff's Complaint a moot issue.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As and for a sixth separate and affirmative defense to the Complaint, these answering defendants are informed and believe and thereon allege that plaintiff has failed to mitigate his a damage by bringing this Complaint prematurely, and as a consequence thereof, has, and will continue to incur, attorneys' fees for which he will be claiming as part of his damages against these answering defendants.

///

///

///

///

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As and for a seventh separate and affirmative defense to the Complaint, these answering defendants are informed and believe and thereon allege that by virtue of the plaintiff's unlawful, immoral, careless, negligent and/or wrongful conduct, plaintiff should be barred from recovering against these answering defendants by the equitable doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

As and for an eighth separate and affirmative defense to the Complaint, these answering defendants contend that plaintiff unreasonably delayed the filing of the complaint and/or service of the Complaint and the notification to these answering defendants of the factual and legal bases of the causes of actions alleged against these answering defendants, all of which has unduly and severely prejudiced these answering defendants in their defense of this action, thereby barring or diminishing plaintiff's recovery herein, under the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Usury)

As and for a ninth separate and affirmative defense to the Complaint, these answering defendants are informed and believe and thereon allege that the contract that was entered into between plaintiff and these named defendants called for a repayment of loans and/or forbearance of fees with a rate of return on the interest of the loan and/or forbearance of fees that exceeds that amount constitutionally allowed in California, and that plaintiff had the intent to enter into a usurious transaction.

///
///
///
///
///
///

## TENTH AFFIRMATIVE DEFENSE

### (Illegality)

As and for a tenth separate and affirmative defense to the Complaint, these answering defendants are informed and believe and thereon allege that the Complaint is barred and fail is an illegal contract in that both contracts provide for a rate of return that is considered usurous under the laws of the state of California.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Ripeness)

As and for an eleventh separate and affirmative defense to the Complaint, these answering defendants are informed and believe and thereon alleges that the Complaint is not ripe for adjudication at this time since the condition precedent to plaintiff bringing his complaint against these answering defendants has not yet accrued since these answering defendants are in the process of collecting fees on the HCA case which will yield an amount sufficient to pay the sums legally due and owed to plaintiff under the terms of his contract with these answering defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

As and for a twelfth separate and affirmative defense to the Complaint, these answering defendants are informed and believe and thereon allege that plaintiff is estopped to Complain about the failure to pay monies perceived to be owed by him under the terms of the contracts.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unconscionability)

As and for a thirteenth separate and affirmative defense to the Complaint, these answering defendants are informed and believe and thereon alleges that the Complaint and each and laws of the state of California.

///

///

///

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Future Affirmative Defenses)

As and for a fourteenth separate and affirmative defense to the Complaint, these answering defendants are informed and believe and thereon allege that they have insufficient knowledge or information upon which to form a belief as to whether they may have additional, yet unasserted, affirmative defenses to plaintiff's Complaint; and therefore, reserves their right to assert additional affirmative defenses in the event discovery indicates it would be appropriate to do so.

DATED: 5/19/08

By: Darrell N. Erwin

**PROOF OF SERVICE (C.C.P. Sections 1013(a), 2015)**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

<u>**RD LEGAL FUNDING v. DARRELL N. ERWIN, et al.**</u>

Case No.  08-CV-0597-L-RBB

I am a resident of the County of San Diego, State of California.  I am over the age of 18, and a party to the within action. My business address is 1540 6th Avenue, San Diego, CA 92101.

I served the foregoing documents on all parties to this action as more specifically described as:

**ANSWER TO PLAINTIFF'S COMPLAINT**

on the plaintiff's attorney as follows:

Mark G. Tratos, Esq.
3773 Howard Hughes Parkway, Ste. 500 North
Las Vegas, Nevada 89169

[ ]  **BY PERSONAL SERVICE**: By personally delivering true and correct copies thereof as stated on the service list.

[X]  **BY FIRST CLASS MAIL:**  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, CA in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in an affidavit.

[ ]  **BY FAX:** I personally sent to the addressee's telecopier number a true copy of the above-described documents(s). Thereafter, I sent a true copy in a sealed envelope addressed and mailed as indicated above.

[ ]  **BY OVERNIGHT DELIVERY:** I personally delivered such envelope to an overnight delivery service, marked for delivery as stated on the service list the next day.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on May 19, 2008, at San Diego, California.

_____
Darrell N. Erwin

- 1 -