UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RD LEGAL FUNDING, LLC, a New Jersey limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>ERWIN & BALINGIT, LLP, a California limited liability partnership; DARRELL N. ERWIN, an individual; and CLARENCE M. BALINGIT, an individual,<br><br>    Defendants. | Civil No. 08CV00597 L(RBB)<br><br>NOTICE AND ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE |

Due to the Court's calendar and in order to encourage maximum participation of all litigants and the Court, good cause appears to continue the early neutral evaluation conference beyond forty-five days of the filing of the first answer.

   IT IS HEREBY ORDERED that an early neutral evaluation of your case will be held on June 30, 2008, at 1:30 p.m. in the chambers of United States Magistrate Judge Ruben B. Brooks, United States Courthouse, 940 Front Street, Room 1185, San Diego, California.

Pursuant to Rule 16.1(c) of the Local Rules of the United States District Court for the Southern District of California, all parties, claims adjusters for insured Defendants and non-lawyer representatives with full and unlimited authority[1] to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case.  Corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement. Failure to attend or obtain a proper excusal will be considered grounds for sanctions.  (Where the suit involves the United States or one of its agencies, only counsel for the United States with full settlement authority need appear.)  (If Plaintiff is incarcerated in a penal institution or other facility, the Plaintiff's presence is not required and Plaintiff may participate by telephone.  In that case, defense counsel is to coordinate the Plaintiff's appearance by telephone.)

Plaintiff's(s') counsel shall give notice of the early neutral evaluation conference to all defendants filing an answer after the date of this notice.

---

[1] "Full authority to settle" means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face-to-face conference. Pitman at 486.  A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

1   All conference discussions will be informal, off the record,
2 privileged and confidential.  Absent good cause shown, if any
3 party, counsel or representative fails to promptly appear at the
4 settlement conference, fails to comply with the terms of this
5 Order, including the failure to timely provide the settlement
6 conference memoranda WHEN REQUESTED, is substantially unprepared to
7 meaningfully participate in the settlement conference, or fails to
8 participate in good faith in the settlement conference, the
9 settlement conference may be vacated and sanctions may be imposed
10 pursuant to Rules 16(f) and 37(b)(2)(B), (C), and (D), Federal
11 Rules of Civil Procedure.
12   In the event the case does not settle at the early neutral
13 evaluation conference, the parties shall also be prepared to
14 discuss the following matters at the conclusion of the conference:
15   1.  Any anticipated objections under Federal Rules of Civil
16 Procedure 26(a)(1)(E) to the initial disclosure provisions of
17 Federal Rule of Civil Procedure 26(a)(1)(A-D);
18   2.  The scheduling of the Federal Rule of Civil Procedure 26
19 (f) conference;
20   3.  The date of initial disclosure and the date for lodging
21 the discovery plan following the Rule 26(f) conference; and
22   4.  The scheduling of a case management conference pursuant to
23 Federal Rule of Civil Procedure 16(b).
24   The Court will issue an order following the early neutral
25 evaluation conference addressing these issues and setting dates as
26 appropriate.
27 //
28

Questions regarding this case may be directed to the magistrate judge's research attorney at (619) 557-3404.

Dated: May 21, 2008

RUBEN B. BROOKS
United States Magistrate Judge

cc: All Parties of Record

A Notice of Right to Consent to Trial Before a United States Magistrate Judge is attached for your information.

K:\COMMON\BROOKS\CASES\RDLEGALFUNDING597\ENEOrder.wpd

**NOTICE OF RIGHT TO CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), you are hereby notified that a United States Magistrate Judge of this district may, upon the consent of all parties, conduct any or all proceedings, including a jury or non-jury trial, and order the entry of a final judgment. Consent forms are available in the Clerk's office. Counsel for the Plaintiff shall be responsible for obtaining the consent of all parties, should they desire to consent.

You should be aware that your decision to consent or not to consent is entirely voluntary and should be communicated solely to the Clerk of the Court. Only if all parties consent will the district judge or magistrate judge to whom the case has been assigned be informed of your decision.

Judgments of the United States Magistrate Judges are appealable to the United States Court of Appeals in accordance with this statute and the Federal Rules of Appellate Procedure unless the parties at the time of their consent to trial before a magistrate judge agree upon review by the United States District Court.