Mark G. Tratos (CA Bar No. 175354)
Tyler R. Andrews (CA Bar No. 250686)
GREENBERG TRAURIG
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Counsel for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RD LEGAL FUNDING, LLC, a New Jersey limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ERWIN & BALINGIT, LLP, a California limited liability partnership; DARRELL N. ERWIN, an individual; and CLARENCE M. BALINGIT, an individual.<br><br>Defendants. | Case No. 08-CV-0597-L-RBB<br><br>**RD LEGAL FUNDING, LLC'S EMERGENCY MOTION FOR SUMMARY JUDGMENT** |

Plaintiff RD Legal Funding, LLC, ("RD Legal"), by and through its counsel of record Greenberg Traurig, LLP, hereby files this emergency motion for summary judgment (the "Motion") pursuant to Fed. R. Civ. P. 56. This Motion is made and based upon the following Points and Authorities, the Affidavit of Tyler R. Andrews, Esq., the papers and pleadings on file herein, together with any oral argument the court will entertain at the time of the hearing.

DATED: August 14, 2008.

> GREENBERG TRAURIG
>
> /s/ Tyler R. Andrews
> Mark G. Tratos (CA Bar No. 175354)
> Tyler R. Andrews (CA Bar No. 250686)
> 3773 Howard Hughes Parkway
> Suite 500 North
> Las Vegas, Nevada 89169
> Counsel for Plaintiff

LV 418,704,512v1 8-14-08                        1

# AFFIDAVIT OF TYLER R. ANDREWS, ESQ.

STATE OF NEVADA       )
                      ) ss.
COUNTY OF CLARK       )

I, Tyler R. Andrews, Esq., being first duly sworn, under penalty of perjury, deposes and says:

1. I am an attorney with the law firm of Greenberg Traurig, LLP. I am licensed to practice law in the states of California and Nevada.

2. I am counsel for Plaintiff in the foregoing action, have personal knowledge of the facts stated herein, and am competent to testify to the same.

3. This affidavit is submitted in support of the foregoing Motion and its filing on an emergency basis.

4. This Motion necessitates an emergency filing and expedited scheduling because Defendants have recently indicated that they are unwilling to expeditiously return the funds at issue despite admitting their theft and that the funds belong to Plaintiff RD Legal.

5. On May 27, 2008, Defendant Balingit filed a Motion and Declaration Under Penalty of Perjury to Proceed *In Forma Pauperis*, in which he swore and declared that he was unable to pay even the nominal Court fees associated with the current proceeding.

6. On May 29, 2008, the Court denied Balingit's Motion, finding, among other things, that Balingit's status as a licensed attorney and his stated real estate assets of over $1,000,000.00 failed to qualify him as a "pauper."

7. Upon information and belief, Defendants are currently negotiating and/or settling several unrelated legal actions which will result in substantial income and profit for Defendants in the near future.

8. Due to the admitted wrongdoing and tortious acts of Defendants, the improper *Pauperis* motion filed by Balingit, and the high likelihood that any additional monies received by Defendants will not be promptly assigned or transferred to RD Legal, RD Legal seeks an expedited finding of liability against Defendants through this motion in

1  order to secure a monetary judgment against Defendants.

2      9.    If the instant motion were to be scheduled and heard in the normal course, Defendants would be free to collect any pending legal fees or settlements free and clear of any judgments, liens, or awards of damages against them.

    10.    Defendants would likely abscond with and/or misappropriate any additional assets received rather than properly transferring or assigning such assets to RD Legal.

    11.    As Defendants have admitted their liability in this action and cannot raise any genuine issues of material fact to bar a finding of summary judgment against them, Defendants will suffer no prejudice from an expedited scheduling of the instant Motion.

Further, affiant sayeth naught.

_____
TYLER R. ANDREWS, ESQ.

Subscribed and sworn to before me this 14th day of August, 2008.

_____
Notary Public in and for said County and State



KAREN MANDALL
Notary Public State of Nevada
No. 04-92061-1
My appt. exp. Sept. 14, 2008

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This action involves a dispute between Plaintiff RD Legal Funding, LLC ("RD Legal") and Defendants Darrell N. Erwin ("Erwin"), Clarence M. Ballingit ("Ballingit"), and the law firm of Erwin & Ballingit, LLP ("E&B") (collectively "Defendants").  The nature of this action is straightforward.  Defendants have breached their contract with RD Legal, taken assets belonging to RD Legal without permission or consent, and have become unjustly enriched by these assets at the expense of RD Legal.  Specifically, Defendants have absconded with legal settlement fees (the "Legal Fees") totaling at least $234,038.04 which had been validly and expressly assigned to RD Legal by Defendants.

Pursuant to Rule 56(c) RD Legal seeks summary judgment against Defendants on its claims for breach of contract and conversion.  The agreements between RD Legal and Defendants are unambiguous and the assignment of the Legal Fees to RD Legal is undisputed.  As such, Defendants can raise no issue of material fact that would even potentially mitigate liability in this action.  In fact, Defendants have admitted their breach of contract with RD Legal and expressly acknowledged that RD Legal is rightfully entitled to the converted Legal Fees at issue.  Therefore, summary judgment against Defendants and in favor of RD Legal in this action is both warranted and necessary.

### II.    STATEMENT OF UNDISPUTED FACTS

Defendant E&B is a law firm in San Diego, California that is owned and operated by Defendant Erwin and Defendant Balingit, specializing in Plaintiffs' lawsuits taken on a contingency basis.  RD Legal is a New Jersey based LLC that accelerates the legal settlement fees to which attorneys and law firms are entitled after the settlement of specific actions.  Defendants in this action were clients of RD Legal.  Specifically, RD Legal purchased and accelerated the legal fees to be awarded to Defendants related to two legal disputes: In Re HCA, Inc., Chancery Court, Davidson County, Tennessee, Master Docket No. 06-1816-III (the "HCA Litigation"), and Joshua Avery v. Jack J. Werdowatz, 21st Century Insurance Company Claim File Number 1531774-01 SD-65 (the

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

"Avery Litigation").

### A. The HCA Litigation

E&B is one of several law firms that represented shareholders involved in the HCA Litigation, which was a shareholder derivative action consolidated on January 5, 2006. In or around January of 2007, the HCA Litigation was tentatively settled, and Defendants represented and warranted that as a result of the settlement E&B was entitled to, at the very least, a legal fee in the amount of $70,251.15 (the "HCA Legal Fee").

On March 8, 2007, and in reliance upon the Defendants' representation concerning the HCA Legal Fee, RD Legal entered into an Assignment and Sale Agreement (the "HCA Agreement") with Defendants whereby RD Legal purchased the HCA Legal Fee from E&B for $50,000.00. See HCA Agreement, attached hereto as **Exhibit 1**. As additional consideration and collateral for the HCA Agreement, both Defendant Erwin and Defendant Balingit, in their individual capacities, executed written performance guarantees that unconditionally guaranteed the performance, obligations, representations, warranties, covenants, indemnifications and agreements of E&B pursuant to the HCA Agreement. See id. Pursuant to the terms of the HCA Agreement, RD Legal and E&B executed a Notice of Assignment and Lien (the "HCA Notice") for the HCA Legal Fee that expressly assigned the HCA Legal Fee from E&B to RD Legal and granted RD Legal with all right, title, and interest to the HCA Legal Fee. See id.

### B. The Avery Litigation

E&B represented Plaintiff Joshua Avery ("Avery") in his claim for injuries against Defendant Jack J. Werdowatz ("Werdowatz") resulting in the Avery Claim against 21st Century Insurance Company. In or around March of 2007, the Avery Claim was settled pursuant to a written settlement agreement for the amount of $350,000 (the "Avery Settlement"). E&B, as Avery's counsel, represented and warranted that it was entitled to a legal fee from the Avery Settlement in the amount of, at the very least, $163,786.89 (the "Avery Legal Fee").

On March 23, 2007, and in reliance upon the Defendants' representation

concerning the Avery Legal Fee, RD Legal and E&B entered into an Assignment and Sale Agreement (the "Avery Agreement") whereby RD Legal purchased the Avery Legal Fee from E&B for $130,104.91. See Avery Agreement, attached hereto as **Exhibit 2**. As additional consideration and collateral for the Avery Agreement, both Defendant Erwin and Defendant Balingit, in their individual capacities, executed written performance guarantees that unconditionally guaranteed the performance, obligations, representations, warranties, covenants, indemnifications and agreements of E&B pursuant to the Avery Agreement. See id. Pursuant to the terms of the Avery Agreement, RD Legal and E&B executed a Notice of Assignment and Lien (the "Avery Notice") for the Avery Legal Fee that expressly assigned the Avery Legal Fee to RD Legal and granted RD Legal with all right, title, and interest to the Avery Legal Fee. See id.

**C. Defendants' Conversion of the Legal Fees**

Pursuant to the HCA and Avery Agreements (the "Agreements"), Defendants expressly represented to RD Legal that Defendants were entitled to the full amounts of the Avery Legal Fee and the HCA Legal Fee, and that such amounts were validly assigned and transferred in full to RD Legal under the Agreements.

After the HCA and Avery Litigations were settled, Defendants received the HCA Legal Fee and the Avery Legal Fee pursuant to their respective fee sharing agreements with co-counsel. Defendants did not, however, transfer or deposit the Legal Fees to RD Legal as required under the Agreements. Instead, Defendants took the Legal Fees for their own profit and benefit without the consent or permission of their owner, RD Legal. As such, Defendants have converted and misappropriated funds rightfully owned by RD Legal and have violated and breached their performance guarantees under the Agreements.

Defendants have not denied their conversion or breach of the Agreements. In fact, Defendants have expressly admitted and acknowledged that they owe RD Legal for breach of the Agreements and conversion of the Legal Fees, now totaling, at a minimum, $234,038.04 plus all applicable interest, fees, and costs. Specifically, on February 3, 2008, Defendant Erwin wrote to RD Legal and informed RD Legal that a former partner at

E&B, Defendant Balingit, had "apparently negotiated and then took the [HCA Legal Fee] directly" for his own use and benefit. The letter further acknowledged to RD Legal that Defendants "owe [RD Legal] money" for the Legal Fees and requested that E&B be given more time to "rectify the situation." See 2/03/08 Letter from Darrell Erwin to RD Legal, attached hereto as **Exhibit 3**.

Upon receipt of Defendant's February 3, 2008 letter, RD Legal responded to Defendants and notified Defendant of RD Legal's intent to pursue full repayment of the converted Legal Fees and to commence litigation against Defendants if necessary. See 02/07/08 Email from RD Legal to Defendants, attached hereto as **Exhibit 4**. Defendants did not respond to RD Legal's email, and on April 2, 2008, RD Legal filed the current action against Defendants for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, breach of fiduciary duty, negligence, and conversion.

### III.   LEGAL ARGUMENT

**A. Summary Judgment Standard**

Summary judgment is appropriate when there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Proc. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). A motion for summary judgment may be rendered on the issue of liability alone, even though there may be a genuine issue as to the amount of damages. Fed. R. Civ. Proc. 56(c); Pacific Fruit Express Co. v. Akron, Canton, & Youngstown R.R. Co., 524 F. 2d 1025, 1026-30 (9th Cir. 1975).

"Though the moving party has the burden of conclusively showing that no genuine issue of material fact exists, . . . the nonmoving party, in the face of a summary judgment motion, may not rest on its pleadings but must instead come forward with some probative evidence to support its claim." Smith v. Transworld Sys., Inc., 953 F.2d 1025, 1028 (6th Cir. 1992) (citing Celotex, 477 U.S. at 324). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there

be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Without evidence that is both sufficient for a jury to return a verdict for the nonmoving party and "significantly probative," no triable issues exist, and summary judgment should result. Id. at 249-50.

**B. Defendants' Breach of Contract**

Summary judgment is appropriate in contract actions when the written contract at issue is unambiguous and no genuine disputes exists over a material fact. Sullivan v. Massachusetts Mutual Life Ins. Co. 611 F.2d 261 (9th Cir. 1979); Radobenko v. Automated Equipment Corp., 520 F.2d 540 (9th Cir. 1975). In order to obtain summary judgment on a breach of contract claim a plaintiff must demonstrate each element of a defendant's breach. See Harris v. Rudin, Richman & Appel, 95 Cal.App.4th 1332, 1337 (2002). Once the plaintiff meets this burden, the burden shifts to the defendant to show there is a triable issue of material fact as to a breach of contract cause of action or defense. See id. Mere statements or contentions by Defendants that a contract is ambiguous will not preclude summary judgment absent clear evidentiary support for competing interpretations. See National Union Fire Ins. Co. v. Argonaut Ins. Co. 701 F.2d 95, 97 (9th Cir. 1983).

Under California law, the elements of a breach of contract claim are: (i) the existence of a contract; (ii) plaintiff's performance; (iii) defendant's breach; and (iv) resulting damage to plaintiff. EPIS, Inc. v. Fidelity and Guaranty Life Ins. Co., 156 F. Supp. 2d 1116 (N.D. Cal. 2001); Amelco Electric v. City of Thousand Oaks, 27 Cal. 4th 228 (2002). Here, each of the requisite elements establishing Defendants' breach are present and undisputed and RD Legal is entitled to judgment as a matter of law.

First, both the HCA Agreement and the Avery Agreement are valid and binding contracts between RD Legal and Defendants. The Agreements were undisputedly executed, notarized, and acknowledged by Defendants. See Agreements, attached hereto as **Exhibit 1** and **Exhibit 2**. Second, Plaintiff RD Legal has undisputedly performed all obligations and duties under the Agreements by purchasing the Legal Fees in an amount totaling at least $180,104.91. See id. Third, Defendants have breached the

Agreements by *admittedly* failing to remit the awarded Legal Fees to RD Legal. See 2/03/08 letter, attached hereto as **Exhibit 3**. Finally, RD Legal has undisputedly been damaged by Defendants' breach in an amount that totals, at the very least, the $234,038.04 in assigned Legal Fees plus all costs, fees, and interest allowable under the Agreements and California law.

With these elements established, there is no genuine issue of triable fact Defendants could raise to defeat summary judgment on RD Legal's claim for breach, nor could Defendants challenge the Agreements based on any unrelated negotiations or discussions. Indeed, California Civil Code § 1625 provides that "the execution of a contract in writing…supersedes all the negotiations or stipulations concerning its matter." "Summary Judgment *will be granted* if the documents supporting a Rule 56 motion are undisputed and reveal there is no question as to intent." MOORE'S FEDERAL PRACTICE AND PROCEDURE § 2730.1, Contract Actions (emphasis added); see also Sullivan 611 F.2d 261; Howard v. Russell Stover Candies, Inc., 649 F.2d 620 (8th Cir. 1981).

**C. Defendants' Conversion**

"Conversion is the wrongful exercise of dominion over the property of another." Oakdale Village Group v. Fong, 43 Cal.App.4th at p. 543, 50. Conversion is a strict liability tort which can and should be subject to summary judgment in favor of a plaintiff if each element of the tort is demonstrated. See e.g., Kincaid v. City of Fresno, WL 2038390 (E.D. Cal. 2008). Under California law, the elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. Burlesci v. Peterson, 68 Cal.App.4th 1062, 1066 (1998). "Conversion is a species of strict liability in which questions of good faith, lack of knowledge and motive are ordinarily immaterial." City of Los Angeles v. Superior Court, 85 Cal.App.3d 143, 149 (1978).

Here, all elements of conversion are clearly established against Defendants. First, under the Agreements, RD Legal maintained an express legal right to the HCA and Avery Legal Fees. See **Exhibit 1**, at p. 2 and **Exhibit 2**, at p. 2 ("[Defendants] and [RD Legal]

intend and agree that the transaction...constitutes a true sale and transfer of the Legal Fee to [RD Legal], thereby providing [RD Legal] with the full risks and benefits of ownership"). Second, Defendants *admittedly* converted RD Legal's property through a wrongful act as they "took the [Legal Fee] money directly from the Lerach Firm...for [their] own use." See **Exhibit 3**. Finally, RD Legal has undisputedly suffered damage as a result of Defendants' conversion in an amount totaling, at the very least, the $234,038.04 expressly assigned to RD Legal under the Agreements.

With all elements of conversion undisputedly established against Defendants, summary judgment should properly be entered in favor of RD Legal. Defendants have no possible excuse or defense for failing to remit the HCA and Avery Legal Fees to RD Legal. Indeed, possession of property coupled with a refusal to return it is sufficient to support a defendant's liability for conversion. Schroeder v. Auto Driveway Co., 523 P.2d 662 (Cal. App. 1974). Further, California Civil Code § 3336 states that a plaintiff is entitled to damages caused by wrongful conversion of property, presumed to be the value of the property at the time of conversion "plus interest from that time."

As such, summary judgment against Defendants for conversion against RD Legal should ensue and a damages award of $234,038.04 principal converted, plus all applicable interest and all "losses, claims, liabilities, penalties, taxes, reasonable costs and expenses (including attorneys' fees and costs) incurred by RD Legal," as provided under the Agreements, should be entered against Defendants. See **Exhibit 1**, p. 4, **Exhibit 2**, p. 4.

///
///
///
///
///
///
///

## V.   CONCLUSION

RD Legal has demonstrated Defendants' clear liability for both breach of contract and conversion of the Legal Fees. No genuine issues of material fact exist which would delay or bar a finding of liability against Defendants as a matter or law. For the foregoing reasons, RD Legal respectfully requests that this Court enter summary judgment against Defendants for liability on RD Legal's breach of contract and conversion causes of action pursuant to Fed. R. Civ. P. 56(c).

DATED: August 14, 2008.

GREENBERG TRAURIG

/s/ Tyler R. Andrews
Mark G. Tratos (CA Bar No. 175354)
Tyler R. Andrews (CA Bar No. 250686)
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2008, I served the foregoing **RD LEGAL FUNDING, LLC'S MOTION FOR SUMMARY JUDGMENT** on:

Darrell N. Erwin, Esq,
1540 6th Avenue
San Diego, CA 92101
Telephone: 619-696-3200
Facsimile: 619-466-3210
*In Pro Person and for Defendant Erwin & Balingit*

Clarence "Michael" Balingit, Esq.
8476 lake mere Court
San Diego, CA 92119
*In Pro Person*

by causing a full, true, and correct copy thereof to be sent by the following indicated method or methods, on the date set forth below:

- ☑ by mailing in a sealed, first-class postage-prepaid envelope, addressed to the last-known office address of the attorney, and deposited with the United States Postal Service at Las Vegas, Nevada.
- ☐ by hand delivery.
- ☐ by sending via overnight courier in a sealed envelope.
- ☐ by faxing to the attorney at the fax number that is the last-known fax number.
- ☐ by electronic mail to the last known e-mail address.

/s/ Megan L. Sheffield
An employee of GREENBERG TRAURIG

LV 418,704,512v1 8-14-08

12