# EXHIBIT

# 1



## ASSIGNMENT and SALE AGREEMENT

This Assignment and Sale Agreement is made on March 8, 2007 ("Agreement") between the Assignor(s), Erwin & Balingit, LLP, a California limited liability partnership with offices at 501 West Broadway, Suite 1060, San Diego, CA 92101 ("Assignor"), and RD Legal Funding, LLC, a New Jersey limited liability company with offices at One Engle Street, Suite 202, Englewood, NJ 07631 ("Assignee"). If more than one person is named as Assignor, the term "Assignor" shall mean each and every Assignor.

WHEREAS, the Assignor is one of several law firms that represented various Shareholders involved in the consolidated HCA, Inc. litigation ("Plaintiff") in the matter of In Re HCA, Inc. Shareholder Litigation - Master Docket No. 06-1816-III ("Case") and Assignor has an interest in the Case (as described below);

WHEREAS, the Case was settled whereby Hercules Holdings II agreed to cap the termination fee at $220,000,000.00 (Two Hundred Twenty Million Dollars and No Cents) instead of and in place of $500,000,000.00 (Five Hundred Million Dollars and No Cents) ("Settlement");

WHEREAS, the Settlement is the subject of a Notice of Memorandum of Understanding submitted to Court bearing Chancery Court for Davidson County, Tennessee, 20th Judicial District at Nashville, Master Docket No. 06-1816-III;

WHEREAS, Plaintiff and Assignor along with co-counsel exclusively own all right, title and interest in such Settlement;

WHEREAS, Assignor is entitled to receive a legal fee (including, without limitation, amounts owing for disbursements), in the aggregate amount of $70,251.15 ("Legal Fee");

WHEREAS, Assignor has provided to Assignee additional information regarding the Settlement and/or Legal Fee due to Assignor and Assignor's interest therein; and

WHEREAS, Assignor exclusively owns all right, title and interest in and to the Legal Fee;

WHEREAS, in consideration of receipt of the Purchase Price as set forth below, Assignor has agreed to sell all of its right, title and interest in and to the Legal Fee to Assignee;

NOW THEREFORE, it is hereby agreed as follows:

1. **Assignment and Consideration.**

   (a) Assignor hereby sells to Assignee, all of Assignor's right, title and interest in and to the Legal Fee free and clear of all claims, liens, interests, defenses, setoffs and encumbrances (collectively referred to "Adverse Interests").

   (b) In full payment for the Legal Fee Assignee shall pay to Assignor $50,000.00 ("Purchase Price") on or before the tenth day after the date on which Assignee has received from

1

*Revised: 08/30/2006*
*Contract Prepared By: bal*

RDL000022

HCA, Inc. and/or defense counsel Bowen, Riley, Warnock & Jacobson, PLC confirmation reasonably satisfactory to Assignee that the Settlement of the Case is valid and enforceable and that the representations in paragraph 2 hereinafter are true and accurate.

(c) Assignor and Assignee intend and agree that the transaction contemplated hereunder shall constitute a true sale and transfer of the Legal Fee to Assignee, thereby providing Assignee with the full risks and benefits of ownership. Assignee may at its option and in addition to all other notices provided for herein, file a financing statement and amendments thereto under the Uniform Commercial Code ("UCC") giving notice of this Agreement without Assignor's signature or further authorization. In the event this transaction is re-characterized as a loan, then the parties agree that this Agreement shall be deemed to be a security agreement within the meaning of Article 9 of the UCC and Assignor hereby grants to Assignee a security interest within the meaning of Article 9 of the UCC in all of the Assignor's right, title and interest in and to the Legal Fee to secure a loan in an amount equal to (a) the Legal Fee, or (b) the Purchase Price, plus interest calculated thereon at a rate of interest equal to the lesser of (i) twenty four (24%) percent per annum, or (ii) the maximum rate permitted by law in the jurisdiction in which the Assignor conducts the practice of law ( the foregoing (i) and (ii) referred to collectively as "Interest Rate").

2. <u>Representations, Warranties and Agreements</u>: Assignor represents and warrants to, and agrees with Assignee, as follows:

(a) Assignor is and has been one of the attorneys for Plaintiff in the Case. The Case was settled whereby Hercules Holdings II agreed to cap the termination fee at $220,000,000.00 (Two Hundred Twenty Million Dollars and No Cents) instead of and in place of $500,000,000.00 (Five Hundred Million Dollars and No Cents). The Assignor is entitled to the sum of at least $70,251.15 on account of legal fees fully earned and disbursements made as a result of Assignor's legal representation of Plaintiff in the Case, without any offset or defense whatsoever. The Legal Fee payable to the Assignor, and the subject of this Agreement, will be awarded by a Court having jurisdiction over the Case.

(b) Assignor owns good title to the Legal Fee, free and clear of all Adverse Interests and has the unrestricted right to sell and assign the Legal Fee to Assignee. Upon Assignee's payment to Assignor of the Purchase Price, Assignee will own good title to the Legal Fee, free and clear of all Adverse Interests.

(c) Assignor is under no contractual or other restrictions or obligations, which are or might be inconsistent with the execution of this Agreement or the transfer and assignment of the Legal Fee.

(d) The Legal Fee is due and owing in full and is not, and will not be, subject to any offset or defense. There is no basis for the Legal Fee not to be paid timely and in full to Assignor or Assignee, and Assignor has not received any notice that it will not be so paid.

(e) There are no bankruptcy or insolvency proceedings in progress or in prospect affecting Assignor, the Legal Fee or any of Assignor's assets. Assignor is not the subject of any legal

2

*Revised: 08/30/2006*
*Contract Prepared By: bal*

RDL000023

proceeding which would adversely affect Assignee's interest in the Legal Fee. The Legal Fee has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

    (f)     The information Assignor has provided to Assignee is correct, accurate and complete in all respects. Assignor understands that Assignee has relied on and will continue to rely on the information in acquiring and dealing with the Legal Fee and collecting the Legal Fee.

    (g)     Assignor has paid all of its federal, state and local taxes due through and including this date or Assignor has made adequate provision for such payments. There are no outstanding (i) tax liens or judgments against Assignor, the Legal Fee, or any of Assignor's other property; (ii) liens or judgments owed by Assignor to any County, City or State Government entity; or (iii) liens or judgments owed by Assignor to the United States Government, or other person or entity for any social service or other benefit that Assignor has received and is obligated to repay, which in any such case would adversely affect the priority of Assignee's lien on the Legal Fee.

    (h)     Assignor is a California limited liability partnership duly formed and existing under the laws of its state of organization.

    (i)     Assignor's execution and performance of this Agreement are within its powers and have been duly authorized by all necessary action on the part of the Assignor and the signatory to this Agreement is empowered and authorized to enter into this Agreement on behalf of Assignor.

    (j)     This Agreement constitutes Assignor's legal, valid and binding obligation and is enforceable against Assignor in accordance with its terms.

    (k)     [Intentionally omitted]

    (l)     Assignor's execution and performance of this Agreement is permitted pursuant to the ethical rules, guidelines and precepts of each jurisdiction in which Assignor is admitted to the practice of law.

    (m)     Assignor shall continue to diligently pursue the legal representation of Plaintiff following the execution of this Agreement until such time as the Legal Fee is paid. Failure of Assignee to receive the Legal Fee within six (6) months of the date of this Agreement shall create a rebuttable presumption that Assignor has failed to perform its obligation hereunder.

    (n)     If the Legal Fee is subject to any Adverse Interests or liens or otherwise encumbered, Assignee shall be permitted to withhold a portion of the Purchase Price equal to the Adverse Interests, liens or other encumbrances and Assignee's related costs to effect the removal of or cure of same, from Assignor and pay therewith the Adverse Interests, liens or other encumbrances.

    (o)     Assignor has a valid, binding and enforceable lien upon the Settlement for its Legal Fee (including, without limitation, amounts owing for disbursements).

3

*Revised: 08/30/2006*
*Contract Prepared By: bal*

RDL000024

(p) Where necessary, Assignor has obtained the consent of Plaintiff to the sale of the Legal Fee, the acceleration of payment of the Legal Fee and the disclosure of information necessary to collect the Legal Fee pursuant to the terms of this Agreement.

(q) Where necessary, Assignor has fully disclosed to Plaintiff the existence and nature of any potential conflicts of interest that may arise in connection with the sale of the Legal Fee to Assignee hereunder.

(r) Assignee is relying upon Assignor's representations and warranties as set forth herein, including, but not limited to, the representation and warranty that the Settlement and the Legal Fee due to Assignor are in the amounts herein stated and are due and owing free and clear of all Adverse Interests and are not subject to any offset or defense of any kind. Assignor further acknowledges and confirms that while Assignee has conducted certain due diligence with respect to the Settlement and the Legal Fee, such due diligence is subject to inherent limitations and Assignee is entitled to and does, in fact, rely upon Assignor's representations and warranties.

(s) Assignor has no knowledge of any class members that have objected or will object to any of the conditions, terms and/or provisions of the proposed class action settlement.

3. Covenants. Assignor covenants and promises to Assignee as follows:

(a) If prior to payment of the full Purchase Price, Assignee, discovers that there is any breach of any representations, warranties or covenants made in this Agreement by Assignor ("Breach"), Assignee may, in its sole discretion, do any or all of the following: (i) apply all or any necessary portion of the Purchase Price to cure the same (including, without limitation, to effect the removal of any Adverse Interests and to cover Assignee's related costs in so doing); (ii) terminate its obligations under this Agreement at which time Assignor shall pay to Assignee (x) all funds paid to Assignor or on account of Assignor by Assignee, plus (y) all damages, losses, claims, liabilities, penalties, taxes, reasonable costs and expenses (including attorneys' fees and costs) incurred by Assignee arising or resulting from such Breach (collectively, referred to as "Losses"), plus (z) interest calculated on the amounts described in clauses (x) and (y) above at the Interest Rate.

(b) Assignor shall promptly, when requested, execute such additional documents and take such further actions, as Assignee may determine necessary or desirable to perfect the assignment of the Legal Fee and the Collateral (as that term is defined in Section 4 below) to Assignee.

(c) If Assignor shall receive any portion of the Legal Fee, Assignor shall immediately advise Assignee and promptly deliver payment of the Legal Fee to Assignee (including endorsing to Assignee's order any check issued in Assignor's name) in accordance with Assignee's instructions. Assignor shall, until such delivery, hold that payment in safekeeping and trust as Assignee's agent and fiduciary in a separate bank account which segregates such amounts from other funds of Assignee and identifies such amounts as proceeds of the Settlement and/or the Legal Fee. In the event that Assignor distributes any proceeds that Assignor receives belonging to Assignee, and such amount is not otherwise paid to Assignee when due under the terms of this Agreement, Assignor admits (i) that Assignor is in immediate breach of its obligations as a fiduciary and trustee; (ii) that

4

Assignor has been negligent and (iii) that Assignee shall be able to immediately recover the Legal Fee plus Losses with interest calculated thereon at the Interest Rate from the date of Assignor's receipt of any amount on account of the Settlement and/or Legal Fee. Assignee will be entitled to such recovery against Assignor's malpractice insurance carrier or against any of Assignor's assets regardless of the final disposition of the Settlement or Legal Fee.

(d) At Assignee's request, Assignor will notify the party(ies) that is/are obligated to pay the Legal Fee ("Obligor") (and Assignee may also so notify such party(ies)) of the terms of this Agreement and Assignor will direct such Obligor to make any proceeds of such Settlement Amount to the extent of the Legal Fee payable to Assignee rather than to Assignor.

(e) Assignor is a law firm that includes attorneys all of whom have read this Agreement and are competent to understand the transaction provided for in this Agreement.

(f) If more than one Obligor is paying any part of the Legal Fee and Assignor receives such payment directly from Obligor, Assignor agrees that Assignor shall hold and deliver such payment in accord with paragraph 3(c) and that Assignor will not negotiate, accept or deduct, directly or indirectly, all or any portion of funds owed Assignor in connection with the Case, until Assignee receives the full amount due Assignee pursuant to this Agreement.

(g) Assignor agrees that Assignor will immediately notify Assignee of any change in the terms of the settlement and/or resolution of the Case that will affect Assignee's interests in the Legal Fee, including, without limitation, the amount or payment terms of the Legal Fee. Thereupon, Assignee may, at its option, require Assignor to repurchase the Legal Fee for an amount equal to the sum of (i) $70,251.15 (less any sums previously received by Assignee on account of the Legal Fee), less (ii) any additional purchase price Assignor might be entitled pursuant to paragraph 17, plus (iii) Losses.

(h) Assignor shall immediately notify Assignee in writing if:

- Assignor receives any payments of any kind with respect to the Case;
- Assignor learns of any information indicating that the Legal Fee Amount will not be paid in full when due or if any claim is made or threatened that may affect the timely and full payment of Legal Fee; or
- if any Breach occurs.

(i) Assignor agrees that it shall not grant a security interest in or permit any Adverse Interest upon the Legal Fee or any of the Collateral (as that term is defined in Section 4 below) in favor of any person other than Assignee, and shall provide written notice to Assignee within ten (10) days of Assignor obtaining any knowledge of an Adverse Interest or an involuntary lien or encumbrance upon the Legal Fee or any of the Collateral.

(j) Assignor shall not form or cause to be formed any entity for the practice of law. Assignor shall not permit any entity controlled by Assignor (other than Assignor) to engage in the practice of law.

5

*Revised: 08/30/2006*
*Contract Prepared By: bal*

RDL000026

4. <u>Security Interest</u>. Assignor expressly acknowledges and agrees that the representations, warranties, covenants and indemnification and repurchase obligations of Assignor under this Agreement and under any other Assignment and Sale Agreement between Assignor and Assignee ("Other Assignment and Sale Agreement") are secured by a security interest in and pledge of all of Assignor's present and future assets and properties, including without limitation, all accounts, chattel paper, equipment, instruments, investment property, documents, letter of credit rights, personal property and general intangibles (collectively, the "Collateral"). This Agreement shall constitute a security agreement with respect to the Collateral and shall serve as authorization to Assignee to file an initial UCC financing statement to perfect the security interest granted herein and any and all amendments to such financing statement without Assignor's signature or further authorization. Upon any breach of any such representation, warranty, covenant and/or indemnification or repurchase obligation of Assignor, Assignee shall have the rights and remedies of a secured party under the UCC. Assignor and Assignee acknowledge and agree that this security agreement and the security interest in, and pledge of the Collateral secure the representations, warranties, covenants and indemnifications of Assignee under this Agreement and all Other Assignment and Sale Agreements but does not secure the obligation of the Obligor to the Settlement.

5. <u>Several Liability</u>. Notwithstanding the designation by a singular pronoun, the liability of each Assignor and of each signatory of each Assignor under this Agreement, if there be more than one, shall be joint and several.

6. <u>Best Evidence</u>. In any proceeding involving this Agreement or any other document related to the transaction evidenced by this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof of same and will constitute the best evidence of it and will not be objected to by any party hereto as not constituting the best evidence of it.

7. <u>Equitable Relief</u>. The parties hereto acknowledge that each would be irreparably harmed if any of the provisions of this Agreement were not performed in accordance with their specific terms or were otherwise breached. Accordingly, each of the parties agrees that the other shall be entitled to the remedy of specific performance, injunctive or similar equitable relief in the Case of or to prevent breaches of the provisions hereof, in addition to any and all other remedies available at law or in equity.

8. <u>Direct Payment</u>. If Assignee receives payment directly from Obligor on account of the Legal Fee, the liability of Assignor that was created by the terms of this Agreement, shall be reduced by a dollar amount equivalent to the payment received.

9. <u>Indemnification and Repurchase</u>. Assignor agrees to indemnify Assignee and its officers, members, managers, employees and representatives (collectively referred to as "Indemnified Party") and hold them harmless from and against any and all Losses, imposed on or incurred by any Indemnified Party arising out of or otherwise relating to any Breach under this Agreement. (The parties acknowledge that the financial inability of the Obligor to pay the Legal Fee shall not constitute a breach of this Agreement.) In addition, if a Breach under this Agreement shall occur, then Assignee, at its option, in addition to its other rights and remedies, may upon 10 days advance notice to Assignor, require Assignor to repurchase the Legal Fee for an amount equal to (i)

6

$70,251.15 (<u>less</u> any sums previously received by Assignee on account of the Legal Fee), <u>plus</u> (ii) interest on all funds paid to Assignor hereunder or for the account of Assignor by Assignee accrued at the Interest Rate from the date of disbursement, <u>plus</u> (iii) Losses. Assignee's rights under this paragraph shall survive any termination of this Agreement and shall continue to apply if, for any reason, Assignee is required to disgorge all or any portion of the Legal Fee.

10.   <u>Clients' Rights</u>. Assignee and Assignor agree:

(a)   Nothing in this Agreement shall limit any right of the Plaintiff to contest the reasonableness of the legal fees and disbursements charged by Assignor in the Case.

(b)   If any bona fide dispute between the Plaintiff and Assignor should arise relating to Assignor's representation of the Plaintiff in connection with the Case (including Assignor's fees for legal services), or if Assignor reasonably determines that Assignor needs to institute a suit against the Plaintiff to collect the Legal Fee, Assignor shall have the option to repurchase the Legal Fee from Assignee for a sum equal to the amount of $70,251.15. Assignor shall give Assignee at least 10 days advance written notice (by certified mail return receipt requested) of Assignor's intention to institute suit against Plaintiff, and Assignee shall, upon receipt of the requisite payment from Assignor, reconvey the Legal Fee to Assignor. If Assignor fails to deliver the requisite payment to effect the repurchase within 10 days after Assignor's notification to Assignee, Assignor's repurchase option will be deemed to have lapsed.

(c)   Nothing herein shall be construed in any way to limit or restrict Assignor's ability and obligation to protect the disclosure of any privileged attorney/client communications or to limit Assignor's obligation to fulfill all of Assignor's ethical responsibilities under the ethics rules governing Assignor's professional conduct.

11.   <u>Entire Agreement</u>. This Agreement contains the entire agreement between the parties, supersedes all previous agreements, whether written or oral, with regard to the subject matter hereof; and may be modified only by a written instrument duly executed by the party to be charged.

12.   <u>Assignment</u>. Assignor shall have no right to assign this Agreement or any of the rights, interests or obligations hereunder. Assignee shall have the right to assign any portion or all of its rights, interests and obligations under this Agreement, including, without limitation, the sale of participation interests in the Agreement, provided that any assignee shall agree to assume all Assignee's obligations under this Agreement. Assignee shall also have the right to pledge or grant a security interest in this Assignment and Sale Agreement relative to Legal Fee. This Agreement shall be binding on the successors, heirs and permitted assigns of the parties hereto.

13.   <u>Third-Party Beneficiary</u>. This Agreement does not create, and shall not be construed as creating, any rights enforceable by any person not a party to this hereto.

14.   <u>Cumulative Rights and Remedies</u>. Assignor shall have, in addition to all rights and remedies set forth in this Agreement, all other rights and remedies available at law or in equity.

7

15. <u>Governing Law; Exclusive Jurisdiction</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of California, without giving effect to conflict of laws. Furthermore, in the event of any suit or other proceeding arising out of this Agreement, all parties to this Agreement consent to the exclusive jurisdiction of the State or Federal Courts of the State of California.

16. **WAIVER OF TRIAL BY JURY.** EACH OF ASSIGNOR AND ASSIGNEE HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS ASSIGNMENTAGREEMENT.

17. <u>Additional Purchase Price</u>. So long as no Breach has occurred and Assignee receives payment of the full Legal Fee by wire transfer by any of the following dates, Assignor shall be entitled to the following additional consideration in the form of an increase in the Purchase Price:

(a) If Assignee receives a wire transfer on or before May 31, 2007, Assignor shall be entitled to an increase in the Purchase Price equal to $16,739.51.

(b) If Assignee receives a wire transfer between June 01, 2007 and July 31, 2007, Assignor shall be entitled to an increase in the Purchase Price equal to $14,734.03.

(c) If Assignee receives a wire transfer between August 01, 2007 and September 30, 3007, Assignor shall be entitled to an increase in the Purchase Price equal to $12,728.55.

(d) If Assignee receives a wire transfer between October 01, 2007 and November 30, 2007, Assignor shall be entitled to an increase in the Purchase Price equal to $10,723.07.

(e) If Assignee receives a wire transfer between December 01, 2007 and December 31, 2007, Assignor shall be entitled to an increase in the Purchase Price equal to $9,703.89.

(f) If Assignee receives a wire transfer between January 01, 2008 and January 31, 2008, Assignor shall be entitled to an increase in the Purchase Price equal to $8,684.71.

(g) If Assignee receives a wire transfer between February 01, 2008 and March 31, 2008, Assignor shall be entitled to an increase in the Purchase Price equal to $6,563.51.

(h) If Assignee receives a wire transfer between April 01, 2008 and May 31, 2008, Assignor shall be entitled to an increase in the Purchase Price equal to $4,076.71.

8

*Revised: 08/30/2006*
*Contract Prepared By: bal*

(i) If Assignee receives a wire transfer between June 01, 2008 and July 31, 2008, Assignor shall be entitled to an increase in the Purchase Price equal to $1,589.92.

*The Legal Fee purchased by RD Legal Funding, LLC, under this Agreement, will be sold, assigned and transferred in the ordinary course of business to RD Legal Holdings, LLC and then will be sold, assigned and transferred in the ordinary course of business to RDLF Financial Services, LLC, its wholly-owned subsidiary. Accordingly, please pay the Legal Fee to RDLF Financial Services, LLC at:*

Bank: U.S. Bank, 60 Livingston Avenue, St. Paul, MN 55107 P.O. Box 809161, Chicago, IL 60680-9161

Account Title: RDLF Financial Services, LLC
Account Number: 153910236113
ABA Number: 123000848

[Signature page follows]

9

*Revised: 08/30/2006*
*Contract Prepared By: bal*

RDL000030

In witness whereof, the parties hereto have duly affixed their signatures as of the date first written above:

Erwin & Balingit, LLP, Assignor

By: _____    Date: March 8, 2007
    Darrell N. Erwin, Esq.

By: _____    Date: March 8, 2007
    Clarence M. Balingit, Esq.

RD LEGAL FUNDING, LLC, Assignee

By: _____
    Roni Dersovitz, Manager

## GUARANTY AND AGREEMENT

The undersigned being the partners of Assignor, in order to induce RD Legal Funding, LLC to enter into the above Agreement (i) do hereby unconditionally guaranty the performance, obligations, representations, warranties, covenants, indemnifications and agreements of Assignor, (ii) do hereby agree not to form or cause to be formed any entity for the practice of law, and (iii) do hereby agree that they shall not permit any entity, other than Assignor, directly or indirectly controlled by them, to engage in the practice of law.

_____   Dated: 3/9/07
Darrell N. Erwin, Esq.

_____   Dated: 3/9/07
Clarence M. Balingit, Esq.


## CERTIFICATION OF ASSIGNOR

Assignor hereby certifies that the statements made herein are true and correct and Assignor knows that if any of the foregoing statements made by Assignor are willfully false, Assignor is subject to punishment and Assignee may exercise any and all remedies available to it.

Assignor: Erwin & Balingit, LLP

By: _____   Dated: 3/9/07
    Darrell N. Erwin, Esq.

By: _____   Dated: 3/9/07
    Clarence M. Balingit, Esq.

A

*Revised: 08/30/2006*
*Contract Prepared By: bal*

RDL000032

## Limited Irrevocable Power of Attorney

We, Darrell N. Erwin and Clarence M. Balingit, of Erwin & Balingit, LLP ("Assignor"), do hereby constitute and appoint, Roni Dersovitz or any other managers, members or officers of RD Legal Funding, LLC ("Assignee"), whose principal place of business is located at One Engle Street, Suite 202, Englewood, NJ 07631, as Assignor's true and lawful attorney for Assignor, and in Assignor's name, place and stead for the following purposes:

To endorse and deposit any and all settlement checks payable to Assignor with respect to the consolidated matter entitled In Re HCA, Inc. Shareholder Litigation, which is the same matter in which Assignor has assigned all Assignor's right title and interest in and to the Legal Fee to Assignee as evidenced by the Assignment executed of even date.

Assignor understands that by executing this Power of Attorney, Assignor is giving up the right or authority to perform the acts Assignor does hereby empower the recipient of this Power of Attorney to perform, except as otherwise authorized by Assignee. This instrument is irrevocable and may not be revoked or changed except upon written agreement of Assignee.

IN WITNESS WHEREOF,

Assignor has hereunto set Assignor's hand and seal on March 8, 2007.

Erwin & Balingit, LLP

By: _____          Date: March 8, 2007
    Darrell N. Erwin, Esq.

By: _____          Date: March 8, 2007
    Clarence M. Balingit, Esq.

B

*Revised: 08/30/2006*
*Contract Prepared By: bal*

RDL000033

## ACKNOWLEDGMENT

STATE OF CALIFORNIA }
                                SS:
COUNTY OF SAN DIEGO}

BE IT REMEMBERED that on March 8, 2007, before me personally appeared Darrell N. Erwin, partner of the Assignor, who executed the foregoing Assignment & Sale Agreement and the Power of Attorney and acknowledged that he signed, sealed, and delivered the Assignment and Power as his act and deed for the uses and purposes expressed therein.



                                                        NOTARY PUBLIC

STATE OF CALIFORNIA }
                                SS:
COUNTY OF SAN DIEGO}

BE IT REMEMBERED that on March 8, 2007, before me personally appeared Clarence M. Balingit, partner of the Assignor, who executed the foregoing Assignment & Sale Agreement and the Power of Attorney and acknowledged that he signed, sealed, and delivered the Assignment and Power as his act and deed for the uses and purposes expressed therein.



                                                        NOTARY PUBLIC

C

*Revised: 08/30/2006*
*Contract Prepared By: bal*

RDL000034

## NOTICE OF ASSIGNMENT AND LIEN

TO: Lerach, Coughlin, Stoia, Geller, rudman & Robbins, LLC
655 West Broadway, Suite 1900
San Diego, CA 92101-3301

Attn: Darren J. Robbins, Esq.

RE: Chancery Court, Davidson County, Tennessee, 20th Judicial District at Nashville Master Docket No. 06-1816-III

You are hereby notified that on March 8, 2007, Erwin & Balingit, LLP, whose address is 501 West Broadway, Suite 1060, San Diego, CA 92101 ("Assignor"), in conjunction with that certain Settlement entered into in the consolidated matter of In Re HCA, Inc. Shareholder Litigation, transferred and assigned to the undersigned ("Assignee"), all of the Assignor's right, title and interest in and to their share of the settlement whereby Hercules Holdings II agreed to cap the termination fee at $220,000,000.00 (Two Hundred Twenty Million Dollars and No Cents) instead of and in place of $500,000,000.00 (Five Hundred Million Dollars and No Cents), equal to $70,251.15, together with interest payable thereon. You are hereby instructed that you are to issue a check payable to RDLF Financial Services, LLC, Assignee, in the sum of $70,251.15 ("Assigned Proceeds"), delivered to the address set forth below pursuant to the terms of the Assignment between the parties. You are further instructed to release the remainder of the Legal Fees pursuant to terms and provisions of the Settlement, Court Order and/or your mutual agreement. You are further instructed that any distribution to Erwin & Balingit, LLP of the Assigned Proceeds shall be in violation of Assignment Law of the State of California and shall result in lead plaintiff counsel Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP being held liable for damages and attorneys fees for any loss suffered hereunder.

Alternatively, this Notice of Lien may be satisfied by issuance of a check in the sum of $70,251.15 made payable to Erwin & Balingit, LLP and forwarded to Assignee at RDLF Financial Services, LLC, PO Box 809161, Chicago, IL 60680-9161.

Payments of the Assigned Proceeds must be delivered as follows:

RDLF Financial Services, LLC (Payment Address Only)   Tax I.D. No. 20-2806702
PO Box 809161
Chicago, IL 60680-9161

Assignee: RD Legal Funding, LLC

By: _____   Date: March 8, 2007
Roni Dersovitz, Manager

Assignor: Erwin & Balingit, LLP
501 West Broadway, Suite 1060
San Diego, CA 92101

By: _____   Date: March 8, 2007
Darrell N. Erwin, Esq.

By: _____   Date: March 8, 2007
~~Darrell N. Erwin, Esq.~~
C. Michael Balingit, Esq.

D

*Revised: 08/30/2006*
*Contract Prepared By: bal*

RDL000035