UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RD LEGAL FUNDING, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ERWIN & BALINGIT, LLP, *et al.*,<br><br>    Defendants. | Civil No. 08cv597-L(RBB)<br><br>**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR SUMMARY JUDGMENT** |

In this diversity action for breach of contract and related state law claims, Plaintiff claims it advanced to Defendants certain funds Defendants anticipated recovering as attorneys' fees in two different litigations, in exchange for an assignment, guarantee and a lien. Instead of turning over the assigned funds to Plaintiff, Defendants allegedly converted them for their own use. Plaintiff filed a pleading styled as an "emergency motion for summary judgment," seeking summary adjudication of Defendants' liability only. For the reasons which follow, Plaintiff's motion is **DENIED.**

Federal Rule of Civil Procedure 56(c) empowers the court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id.* at 248. A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In this case, Plaintiff moves for summary judgment on its own claims. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). If the movant meets its burden, the burden shifts to the nonmovant to show summary adjudication is not appropriate. *Celotex*, 477 U.S. at 317, 324.

In support of its motion Plaintiff filed a declaration of Plaintiff's counsel and four exhibits. The declaration does not identify the exhibits, authenticate them or lay any foundation. Only admissible evidence may be considered in deciding a motion for summary judgment. Fed. R. Civ. P. 56(e); *Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988). Accordingly, Plaintiff has not met its burden as the moving party on a summary judgment motion with respect to its own claims.

In the alternative, the court construes the emergency motion as a motion for a temporary restraining order pursuant to Rule 65. In this context, "[t]he trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).

Plaintiff claims that it needs emergency relief because "Defendants have recently indicated that they are unwilling to expeditiously return the funds at issue," they are "currently negotiating and/or settling several unrelated legal actions which will result in substantial income

and profit for Defendants in the near future," and there is a "high likelihood that [the] monies received by Defendants will not be promptly assigned or transferred to [Plaintiff]." (Aff. of Tyler R. Andrews, Esq.) If emergency relief is not granted, "Defendants would be free to collect any pending legal fees or settlements free and clear of any judgments, liens, or awards of damages against them," and "would likely abscond with and/or misappropriate" the funds. (*Id.*)

A party seeking preliminary injunctive relief, including a temporary restraining order, must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in the moving party's favor. *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Roe v. Anderson*, 134 F.3d 1400, 1402 (9th Cir. 1998). Furthermore, the moving party must show the threatened irreparable harm is imminent. *Sardi's Rest. Corp. v. Sardi*, 755 F.2d 719, 725 (9th Cir. 1985); *Caribbean Marine Servs., Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

Although Plaintiff asserts, on information and belief, that Defendants will receive substantial funds in the near future, it does not state whether this is imminent. It is therefore impossible for the court to ascertain whether Plaintiff's claimed harm is imminent. In addition, Plaintiff does not address the issue whether the claimed harm would be irreparable. Plaintiff's motion therefore does not meet the requirements for a temporary restraining order.

Based on the foregoing, Plaintiff's emergency motion for summary judgment is **DENIED**.

**IT IS SO ORDERED**.

DATED: August 15, 2008

_____
M. James Lorenz
United States District Court Judge

1 | COPY TO:

2 | HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

3 | ALL PARTIES/COUNSEL