UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RD LEGAL FUNDING, LLC, | Civil No. 08cv597-L(RBB) |
| Plaintiff, | **ORDER GRANTING MOTION FOR SUMMARY ADJUDICATION OF CLAIMS AGAINST DEFENDANTS ERWIN & BALINGIT, LLP AND CLARENCE M. BALINGIT** |
| v. | |
| ERWIN & BALINGIT, LLP, *et al.*, | |
| Defendants. | |

In this diversity action for breach of contract and related state law claims, Plaintiff alleged it advanced to Defendants certain funds Defendants anticipated recovering as attorneys' fees in two different litigations, in exchange for an assignment of the fees, guarantees and a lien. Instead of turning over the assigned funds to Plaintiff, Defendants allegedly converted them for their own use. Plaintiff filed a motion for summary judgment. Because Defendant Darrell N. Erwin filed for bankruptcy and automatic stay was imposed, Plaintiff moves for summary judgment as to Defendants Erwin & Balingit, LLP and Clarence M. Balingit only. Defendants did not oppose the motion. For the reasons which follow, Plaintiff's motion is **GRANTED**.

Plaintiff urges the court to grant the motion as unopposed pursuant to Civil Local Rule 7.1(f)(3) which provides, "If an opposing party fails to file papers in the manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court." (*See* Pl.'s Notice of Non-Opp'n to Mot. for Summ. J.)

However, a summary judgment motion cannot be granted simply on the ground that it was unopposed. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993); *Marshall v. Gates*, 44 F.3d 722, 724-25 (9th Cir. 1995).

> Under Federal Rule of Civil Procedure 56, a moving party is entitled to summary judgment only upon a showing that there are no genuine issues of material fact requiring a trial.  The party opposing the motion is under no obligation to offer affidavits or any other materials in support of its opposition.  Summary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues.

*Henry*, 983 F.2d at 950.  Accordingly, an unopposed summary judgment motion may be granted only if the moving party met its burden under Rule 56.

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).  "If summary judgment is not rendered on the whole action, the court should, to the extent practicable, . . . issue an order specifying what facts – including items of damages or other relief – are not genuinely at issue.  Fed. R. Civ. P. 56(d)(1).

The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id.* at 248.  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In this case, Plaintiff moves for summary adjudication on its own claims against two of the Defendants.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000)

/ / / / /

(citations omitted).  If the movant meets its burden, the burden shifts to the nonmovant to show summary adjudication is not appropriate.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Plaintiff moves for summary judgment on the breach of contract and conversion claims against Defendants Erwin & Balingit, LLP and Clarence M. Balingit only, seeking damages against them jointly and severally in the principal amount of $234,038.04.

To recover damages for breach of contract under California law, a plaintiff must prove:

1. That the plaintiff and the defendant entered into a contract;
2. That the plaintiff did all, or substantially all, of the significant things that the contract required it to do or that it was excused from doing those things;
3. That all conditions required by the contract for the defendant's performance had occurred;
4. That the defendant failed to do something that the contract required him to do; and
5. That the plaintiff was harmed by that failure.

Jud. Council of Cal., Civ. Jury Instr. ("CACI") 303.

Plaintiff provided evidence of the two contracts entered into by Defendant Erwin & Balingit, LLP and Plaintiff – one for the assignment of legal fees Defendants were entitled to receive for settlement of in *In re HCA* and one for the assignment of legal fees they were entitled to receive for settlement of *Avery v. Werdowatz*.  (Aff. of Roni Dersovitz Ex. 1 & 3.)  Each contract provides that in exchange for Defendants' assignment of the fees they were entitled to receive, Plaintiff would advance funds to them.  If Plaintiff did not receive the promised fees within six months of the date of the agreement, Defendants were presumed to have failed to perform.  (*Id*. Ex. 1 (HCA Agreement ¶ 2(m)) & Ex. 3 (Avery Agreement ¶ 2(m)).)  Messrs. Erwin and Balingit each individually executed a guaranty for performance of each contract.  (*Id*. Ex. 1 & 3.)

Mr. Dersovitz' affidavit, the only affidavit filed in support of Plaintiff's motion, does not state that Plaintiff in fact advanced any funds to Defendants under the contract.  The HCA Agreement conditions Plaintiff's, *i.e.*, the assignee's, performance on receiving in the "confirmation reasonably satisfactory to Assignee that the Settlement of the Case is valid and enforceable and that the representations in paragraph 2 hereinafter [representations and warranties regarding Defendants' entitlement to the fees and the amount] are true and accurate."

(HCA Agreement ¶1(b).) A similar provision is included in the contract for assignment of fees receivable in *Avery*. (Avery Agreement ¶ 1(b).) Plaintiff provided no evidence that it was excused from performing its side of the agreements. However, Plaintiff's performance can reasonably be inferred from the admission in Mr. Erwin's letter to Plaintiff. (*Id*. Ex. 5.) Mr. Erwin, in his capacity as a partner of Erwin & Balingit, LLP, admitted that the firm and its partners owed Plaintiff money relative to the fees in the *HCA* and *Avery* cases. (*Id*.)

The letter also shows that all conditions required for Defendants' performance had occurred and that, at least as of the date of the letter, Defendants had not performed. According to Mr. Dersovitz' affidavit, Defendants had not performed and, as a result of their non-performance, they were $234,038.04 in arrears.

"To recover damages for the breach of a contract to pay money, the plaintiff must prove the amount due under the contract." CACI 355. According to the contract, Defendants assigned to Plaintiff the fees of $70,251.15 in the *HCA* case (HCA Agreement at 1 & ¶¶ 1(a) & 2(a)) and $163,786.89 in the *Avery* case (Avery Agreement at 1 & ¶¶ 1(a) & 2(a)). The total Defendants agreed to pay under both contracts is $234,038.04.

Based on the foregoing, Plaintiff has shown that there is no genuine issue of material fact that Defendants Erwin & Balingit, LLP and Clarence M. Balingit owe the principal amount of $234,038.04 in breach of contract damages. Because this entitles Plaintiff to damages in the requested amount, the court need not separately consider whether Plaintiff is entitled to the same amount as damages for conversion.

For the foregoing reasons, Plaintiff's motion for summary adjudication of claims against Defendants Erwin & Balingit, LLP and Clarence M. Balingit is **GRANTED**.

**IT IS SO ORDERED**.

DATED: August 19, 2009

_____
M. James Lorenz
United States District Court Judge