UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RD LEGAL FUNDING, LLC, | Civil No. 08cv597-L(RBB) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF PARTIAL JUDGMENT** |
| v. | |
| ERWIN & BALINGIT, LLP, *et al.*, | |
| Defendants. | |

In this breach of contract action, Plaintiff RD Legal Funding, LLC filed a Motion for Entry of Final Judgment Against Defendants Clarence M. Baligit and Erwin & Balingit, LLP ("Motion") based on the Order Granting Motion for Summary Adjudication of Claims Against Defendants Erwin & Balingit, LLP and Clarence M. Baligit filed August 19, 2009. Because there is another named Defendant remaining in this case, Darell N. Erwin,[1] this motion is governed by Federal Rule of Civil Procedure 54(b). In addition to the entry of judgment on one part of the pending case, Plaintiff requests additional remedies of pre- and post- judgment interest, costs and attorneys' fees, which were not addressed in its summary judgment motion. For the reasons which follow, Plaintiff's Motion is **DENIED**.

Rule 54(b) provides in pertinent part:

---

[1] Mr. Erwin has filed for Chapter 7 bankruptcy. (*See* Pl.'s Mot. for Summ. J. Ex. F.)

08cv597

> Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. . . .

The power to enter partial final judgment "is largely discretionary, to be exercised in light of judicial administrative interests as well as the equities involved, and giving due weight to the historic federal policy against piecemeal appeals." *Reiter v. Cooper*, 507 U.S. 258, 265 (1993)(citations and quotation marks omitted). In *Morrison-Knudsen Co., Inc. v. Archer*, the Ninth Circuit elaborated on the requirements of Rule 54(b):

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. The trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order. Those findings should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court. A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings.

655 F.2d 962, 965 (9th Cir. 1981); *see also Wood v. GCC Bend, LLC,* 422 F.3d 873 (9th Cir. 2005).

Entering a judgment against Mr. Baligit and Erwin & Balingit LLP ("Erwin & Balingit") would not be appropriate for two reasons. First, Plaintiff tacitly admits that the August 19, 2009 summary judgment order is insufficient for a final judgment against the two Defendants because Plaintiff requests additional relief in the form of interest, costs and attorneys' fees, which was not addressed in the summary judgment motion.[2] Moreover, Plaintiff does not only seek this additional relief against Mr. Balingit and Erwin & Balingit, but intends to collect also from Mr. Erwin, who was not a party to the summary judgment motion. (*See* Pl.'s Mem. of P.&A. at 4.) Even if the August 19, 2009 order were a final adjudication of all claims for relief against Mr. Balingit and Erwin & Balingit, the breach of contract claims asserted against them are

---

[2] In the summary judgment motion, Plaintiff sought only a determination of liability.

essentially the same as the claims asserted against Mr. Erwin.  Accordingly, any appeals in this action could easily present similar factual and legal issues, and likely would result in a duplication of effort.

Second, Plaintiff presents no explanation why there is no just reason for delay in this case, other than it would like to enforce the judgment sooner rather than later.  This type of delay is present in every case where the claims as to some of the parties are adjudicated before others.  This is therefore not the "unusual case" contemplated by Rule 54(b).  *See Morrison-Knudsen, Co.*, 655 F.2d at 965.

Because Plaintiff's Motion does not make the showing necessary for entry of a partial final judgment, the Motion is **DENIED**.

**IT IS SO ORDERED**.

DATED:  April 8, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL