1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11   RD LEGAL FUNDING, LLC,                )        Civil No. 08cv597-L(RBB)
                                           )
12                     Plaintiff,          )        **ORDER GRANTING IN PART AND
                                           )        DENYING IN PART PLAINTIFF'S
                                           )        MOTION FOR INTEREST,
13   v.                                    )        ATTORNEY'S FEES, AND COSTS**
                                           )
14   ERWIN & BALINGIT, LLP, *et al.*,      )
                                           )
15                     Defendants.         )
                                           )
16   ────────────────────────────────

17        In this diversity action for breach of contract and related state law claims, Plaintiff alleged

18   it advanced to Defendants certain funds in exchange for assignment of Defendants' attorney's

19   fees earned in two different litigations.  After collecting the anticipated fees, instead of turning

20   them over to Plaintiff, Defendants allegedly converted them for their own use.  Plaintiff filed a

21   motion for partial summary judgment, which was granted.  After Plaintiff's dismissal of claims

22   against Defendant Darrell N. Erwin, judgment was entered against Defendants Erwin & Balingit,

23   LLP and Clarence M. Balingit for the amount owed under the assignment agreements.  Plaintiff

24   has filed a motion to amend judgment to add prejudgment interest, attorney's fees, costs and

25   postjudgment interest.  For the reasons which follow, Plaintiff's motion is **GRANTED IN**

26   **PART AND DENIED IN PART**.

27        In the order granting Plaintiff's summary judgment motion, the court found that

28   Defendants breached two agreements with Plaintiff for the assignment of legal fees Defendants

1  were entitled to receive for settlement of *In re HCA* ("HCA Agreement") and *Avery v.*

2  *Werdowatz* ("Avery Agreement," collectively "Agreements").[1]  (Order Granting Mot. for Summ.

3  Adjudication of Claims Against Defs Erwin & Balingit, LLP and Clarence M. Balingit, filed

4  Aug. 19, 2009 ("Order"), at 4.)  The total amount due from Defendants to Plaintiff under the

5  Agreements was $234,038.04.  (*Id.*)  This sum was incorporated into the Clerk's Judgment.

6  Plaintiff now requests that prejudgment interest, attorney's fees, costs and postjudgment interest

7  be added to the judgment.

8       In diversity cases, state law applies to the issues whether prejudgment interest should be

9  awarded and the rate of interest.  *Oak Harbor Freight Lines, Inc. v. Sears Roebuck & Co.*, 513

10  F.3d 949, 961 (9th Cir. 2008); *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1107-08 (9th

11  Cir. 1998).  The Agreements provide for Plaintiff to recover, among other things:

12       (x) all funds paid to [Erwin & Balingit, LLP] or on account of [Erwin & Balingit,
        LLP] by Plaintiff, plus (y) all damages, . . .  reasonable costs and expenses
13       (including attorneys' fees and costs) incurred by [Plaintiff] arising or resulting
        from such Breach . . ., plus (z) interest calculated on the amounts described in
14       clauses (x) and (y) above . . ...

15  (Pl.'s Ex. 1, HCA Agreement ¶ 3(a) & Avery Agreement ¶ 3(a).)  The court has already found

16  that Defendants had breached the Agreements.  (Order at 4.)  Under California law, "[a]ny legal

17  rate of interest stipulated by a contract remains chargeable after a breach thereof, as before, until

18  the contract is superseded by a verdict or other new obligation."  Cal. Civ. Code §3289(a).

19  Accordingly, Plaintiff is entitled to recover prejudgment interest.

20       The agreed-upon rate was "equal to the lesser of (i) twenty four (24%) percent per annum,

21  or (ii) the maximum rate permitted by law in the jurisdiction in which [Erwin & Balingit, LLP]

22  conducts the practice of law . . .."  (Pl.'s Ex. 1, HCA Agreement ¶ 1(c) & Avery Agreement

23  ¶ 1(c).)   Erwin & Balingit, LLP was a California law firm.  (*See id.* at 1, respectively.)

24       Plaintiff argues that the applicable interest rate is the maximum rate pursuant to the

25  ────────────────

26       [1]    As noted in the summary judgment order (Order at 3), each individual Defendant,
     Clarence M. Balingit and Darrell N. Erwin respectively, unconditionally guaranteed Erwin &
27   Balingit, LLP's performance of the Agreements.  (Pl.'s Ex. 1, Guaranty and Agreement
     documents pertaining to HCA Agreement and Avery Agreement, respectively ("The undersigned
28   . . . hereby unconditionally guaranty the performance, obligations, representations, warranties,
     covenants, indemnifications and agreements of [Erwin & Balingit, LLP] . . ..").)

1 California Constitution, or 11.25%.  The California Constitution permits parties to contract for a

2 rate

> not exceeding the higher of (a) 10 percent per annum or (b) 5 percent per annum plus the rate prevailing on the 25th day of the month preceding the earlier of (i) the date of execution of the contract to make the loan or forbearance, or (ii) the date of making the loan or forbearance established by the Federal Reserve Bank of San Francisco on advances to member banks under Sections 13 and 13a of the Federal Reserve Act as now in effect or hereafter from time to time amended (or if there is no such single determinable rate of advances, the closest counterpart of such rate as shall be designated by the Superintendent of Banks of the State of California unless some other person or agency is delegated such authority by the Legislature).

8 Cal. Cons. Art. XV §1(2).  The Agreements were entered on March 8, 2007.  (Pl.'s Ex. 1, HCA

9 Agreement at 1 & Avery Agreement at 1.)  The applicable discount rate of the Federal Reserve

10 Bank of San Francisco is therefore 6.25%, *see* www.frbsf.org/banking/data/discount/

11 index.html, and the maximum prejudgment interest rate is 11.25%.

12       Pursuant to the Agreements, prejudgment interest began to accrue "from the date of

13 [Erwin & Baligit, LLP's] receipt of any amount of the Settlement and/or Legal Fees."  (Pl.'s Ex.

14 1, HCA Agreement ¶ 3(c)(iii) & Avery Agreement ¶ 3(c)(iii).)  In the *HCA* case, the check for

15 Defendants' fees is dated January 23, 2008.  (Pl.'s Ex. 3.)  Defendants received the fees in the

16 *Avery* case on April 5, 2007.  (*Id*. Ex. 2.)  Judgment was entered on April 29, 2010.  Defendants

17 assigned to Plaintiff the fees of $70,251.15 in the *HCA* case (HCA Agreement at 1 & ¶¶ 1(a) &

18 2(a)) and $163,786.89 in the *Avery* case (Avery Agreement at 1 & ¶¶ 1(a) & 2(a)).  Accordingly,

19 the amount of prejudgment interest on the *HCA* fees is $17,882.02 and for the *Avery* fees it is

20 $56,489.58.  The total amount of prejudgment interest is $ 74,371.60.

21       Federal Rule of Civil Procedure 59(e) applies to the issue whether a judgment should be

22 amended to add prejudgment interest.  *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d

23 1128 (9th Cir. 2004).  Plaintiff's motion was timely filed under Rule 59(e).  "There are four

24 grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct

25 manifest errors of law or fact upon which the judgment is based; 2) the moving party presents

26 newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent

27 manifest injustice; or 4) there is an intervening change in controlling law."  *Turner v. Burlington*

28 *N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (emphases, internal quotation marks

1    and citation omitted).  Because Plaintiff is entitled to recover prejudgment interest, Plaintiff's

2    motion to amend judgment to include it is **GRANTED**.

3           Plaintiff next requests attorney's fees and costs pursuant to Federal Rule of Civil

4    Procedure 54(d).  "In a diversity case, the law of the state in which the district court sits

5    determines whether a party is entitled to attorney fees, and the procedure for requesting an award

6    of attorney fees is governed by federal law."  *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir.

7    2007).

8           Rule 54(d)(2)(A) provides in pertinent part that "[a] claim for attorney's fees and related

9    nontaxable expenses must be made by motion unless the substantive law requires those fees to

10   be proved at trial as an element of damages."  Under California law, contractual attorney's fees

11   need not be proved at trial as an element of damages.  *Port of Stockton v. W. Bulk Carrier KS*,

12   371 F.3d 1119, 1121 (9th Cir. 2004) (analyzing Cal. law).  Accordingly, attorney's fees must be

13   requested by a Rule 54(d) motion.

14          Pursuant to the Agreements, Plaintiff is entitled to recover "reasonable costs and expenses

15   (including attorneys' fees and costs)."  (Pl.'s Ex. 1, HCA Agreement ¶ 3(a) & Avery Agreement

16   ¶ 3(a).)  Under such circumstances, the party prevailing in a breach of contract action is entitled

17   to recover attorney's fees.  Cal. Civ. Code § 1717(a); *see also Berkla v. Corel Corp.*, 302 F.3d

18   909, 919 (9th Cir. 2002) (interpreting Cal. law).

19          Plaintiff requests $69,045.75 for attorney's fees.  It argues that it should be allowed to

20   recover all of the fees incurred, rather than reasonable fees as provided in the Agreements.

21   Plaintiff's reliance on *Ketchum v. Moses*, 24 Cal.4th 1122, 1133 (2001), is unavailing.  First,

22   *Ketchum* addresses statutory attorney's fees for defending important civil rights, which is not the

23   case here.  Second, it does not negate the requirement that the fee award must be reasonable

24   under the circumstances.

25          The fee award is based on the "'lodestar,' *i.e.*, the number of hours reasonably expended

26   multiplied by the reasonable hourly rate.  . . . The lodestar figure may then be adjusted, based on

27   consideration of factors specific to the case, in order to fix the fee at the fair market value for the

28   legal services provided."  *PLCM Group v. Drexler*, 22 Cal.4th 1084, 1095 (2000).  The

1 following factors may be considered in arriving at the amount of reasonable attorney's fees:

2 "the nature of the litigation, its difficulty, the amount involved, the skill required in its handling,

3 the skill employed, the attention given, the success or failure, and other circumstances in the

4 case." *Id*. at 1096 (internal quotation marks and citation omitted).

5          This was a simple case for enforcement of two written assignment agreements to recover

6 a sum certain.  Plaintiff's motions were unopposed.  In state courts in this district the amount

7 awarded on default in a breach of contract case for the sum at issue in this case is $3,570.  Cal.

8 Super Ct. County of San Diego, Rules of Ct. 2.5.10.  Although the court is mindful that this case

9 was not a default, and a summary judgment motion was filed, Plaintiff's motions were

10 unopposed.  The state court amount, while by no means determinative, provides a relevant

11 reference point.

12          Given the simple and unopposed nature of this case, it required neither substantial skill

13 nor substantial time.  The attorney's fees requested, which were the result of at least two

14 paralegals and eight attorneys, including four shareholders, working 270.5 hours,[2] is therefore

15 unreasonable.  Furthermore, the skills employed were not substantial.  For example, counsel

16 made multiple errors, thus needlessly increasing the fees incurred.  (*See, e.g.*, order filed Apr. 4,

17 2008 (failure to properly allege subject matter jurisdiction); orders filed Aug. 15, 2008 (failure to

18 comply with local rules and failure to provide proper support of a summary judgment motion);

19 order filed Nov. 3, 2009 (failure to appear at mandatory settlement conference).)  Nevertheless,

20 the court finds reasonable the average fee of $255.20 per hour.  (*See* Pl.'s Ex. 5, Aff. of Tyler R.

21 Andrews, Esq. in Supp. of Mot. for Fees and Costs, filed May 15, 2010 ("Andrews Aff.") Ex.

22 A.)

23          Initially Plaintiff provided a bare-bones affidavit and a summary chart in support of the

24 fees and costs requested.  (Andrews Aff. & Ex. A.)  These documents were insufficient to

25

26      [2]      The summary chart initially filed by Plaintiff in support of the request, which lists
ten billers (Pl.'s Ex. 5, Aff. of Tyler R. Andrews, Esq. in Supp. of Mot. for Fees and Costs, filed
27 May 15 , 2010, Ex. A) is incomplete.  The billing statements show that additional individuals
billed for work on this case.  (*See* Pl.'s billing statements filed Dec. 17, 2010 (showing
28 additional billers (Alma G. Chao, Tom A. Hay, Harry E. Rhoades and Karen Mendall, among
others).)

1   adequately evaluate the fee request.  No billing statements or other relevant evidence was

2   provided to support the reasonableness of the number of hours spent.  To allow Plaintiff to

3   properly support its request, the court issued an order for additional submissions.  (Order for

4   Additional Submissions dated Nov. 23, 2010.)  In response to the order, on December 3, 2010

5   Plaintiff filed a Status Report, which included billing records and an affidavit.  However, the

6   billing statements included fees and costs for related bankruptcy proceedings, which were not

7   incurred in this case and which had already been awarded to Plaintiff in the bankruptcy court.[3]

8   Accordingly, those additional submissions were rejected and Plaintiff was given additional time

9   to comply with the November 23, 2010 order by filing billing statements which reflected only

10  the work performed in this case.  (Order Rejecting Pl's Additional Submissions Filed Dec. 3,

11  2010, filed Dec. 6, 2010; Order Granting in Part and Denying in Part Pl's Ex parte Application

12  for Extension of Time, filed Dec. 13, 2010.)  On December 17, 2010 Plaintiff filed billing

13  statements which, according to Plaintiff, showed only the work performed in this case.  Upon

14  detailed examination of the billing statements and after excluding fees for services which can be

15  performed by administrative staff and investigators, services performed in or for the purpose of

16  the bankruptcy proceedings, and duplication of tasks, the reasonable amount of fees incurred is

17  $19,141.25.

18      Plaintiff is also requesting $4,996.24 in costs under Rule 54(d).  The request includes

19  taxable and nontaxable costs.  (*See* Andrews Aff. Ex. A.)  Rule 54(d) contains two separate

20  provisions for costs.

21      To request taxable costs, the prevailing party must file a bill of costs with the clerk.  Civ.

22  Local Rule 54.1(a).  Taxable costs are taxed by the clerk rather than the court.  Fed. R. Civ. Proc.

23  54(d)(1); Civ. Local Rule 54.1.  The categories of taxable costs are circumscribed by 28 U.S.C.

24

25      [3]      During the pendency of this action, each individual Defendant filed for bankruptcy
26  protection.  While Mr. Baligit's bankruptcy filings were dismissed, Mr. Erwin's bankruptcy and
    Plaintiff's claim against him were fully litigated in bankruptcy court.  (*See* Pl's Status Report
27  dated Apr. 28, 2010; Order Dismissing Without Prejudice All Claims Against Def. Darrell N.
    Erwin and Closing This Case, dated Apr. 29, 2010; Aff. of Tyler R. Andrews in Supp. of Pl.'s
28  Status Report, dated Dec. 3, 2010, at 2; Pl.'s billing statements filed Dec. 17, 2010 (reflecting
    Mr. Baligit's bankruptcy filings and dismissals).)

1  Section 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987); *see also* Civ.

2  Loc. Rule 54.1.  Plaintiff's filing fees and service of process expenses are taxable costs.  *See* 28

3  U.S.C. § 1920(1); Civ. Loc. Rule 54.1(b)(1).

4        Plaintiff has not timely filed a bill of costs and has not requested leave to forego the

5  procedure set forth in Rule 54(d)(1) and Civil Local Rule 54.1(a).  Accordingly, taxable costs are

6  not recoverable on Plaintiff's present motion.  Its request for taxable costs, *i.e.*, filing fees and

7  service of process expenses, is therefore denied.

8        By contrast, nontaxable costs are recoverable on a motion to the court under Rule

9  54(d)(2) along with attorney's fees.  Fed. R. Civ. Proc. 54(d)(2) ("claim for attorney's fees and

10 related nontaxable expenses") & Advisory Comm. Note to 1993 Am. ("This new paragraph

11 establishes a procedure for presenting claims for attorneys' fees, whether or not denominated as

12 'costs.'  It applies also to requests for reimbursement of expenses, not taxable as costs, when

13 recoverable under governing law incident to the award of fees.").  Plaintiff's copy, postage,

14 travel, research and Pacer expenses are nontaxable costs.

15       Federal law provides the procedure for recovery of nontaxable costs and California law

16 determines whether they are recoverable.  *See MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197

17 F.3d 1276, 1281-82 (9th Cir. 1999).  As with attorney's fees, the Agreements provide for

18 recovery of reasonable litigation expenses.  (Pl.'s Ex. 1, HCA Agreement ¶ 3(a) & Avery

19 Agreement ¶ 3(a).)  California law provides for recovery of costs to the party prevailing in a

20 breach of contract action.  Cal. Civ. Code § 1717(a); *see also Berkla*, 302 F.3d at 919 (analyzing

21 Cal. law).

22       The costs recoverable pursuant to a contract provision under section 1717(a) are

23 circumscribed by California Code of Civil Procedure Section 1033.5, unless the requesting party

24 proves at trial that the contracting parties intended a broader scope of allowable costs.  *Hsu v.*

25 *Semiconductor Sys., Inc.*, 126 Cal. App. 4th 1330, 1341 (2005).  Because Plaintiff did not

26 address this contract interpretation issue in its summary judgment motion, the costs it may

27 recover are limited by section 1033.5.  The statute contains three categories of costs, (1) those

28 that are allowable; (2) those that are not allowable, except when expressly authorized by law;

1   and (3) those not specifically mentioned in the section, which may be awarded at the court's

2   discretion.  Cal. Code Civ. Proc. § 1033.5(a), (b) & (c)(4).

3          Plaintiff requests an award for copy expenses, although it does not state what was copied.

4   (*See* Pl.'s Ex. 5, Andrews Aff. & Ex. A.)  Generally, costs for photocopying charges other than

5   exhibits are not allowable.  Cal. Code Civ. Proc. § 1033.5(b)(3).  Expenses for copying trial

6   exhibits "if they were reasonably helpful to aid the trier of fact," and one copy of each deposition

7   transcript may be allowed.  *Id*. § 1033.5(a)(3)&(12).  The court has no discretion under section

8   1033.5(c)(4) to allow costs for any other exhibits.  *Seever v. Copley Press, Inc.*, 141 Cal. App.

9   4th 1550, 1557-59 (2006).  Because this case did not go to trial, the court cannot award costs for

10  copies of trial exhibits.  No depositions were taken in this case.[4]  (*See* Aff. of Tyler Andrews in

11  Supp. of Pl.'s Status Report, filed Dec. 3, 2010, at 2.)  Accordingly, the request for copying costs

12  is denied.

13         Plaintiff's request for postage expenses is denied because it is not allowable pursuant to

14  section 1033.5(b)(3).

15         Next, Plaintiff requests reimbursement of costs incurred for travel.  It did not state what

16  the travel expenses were for.  (*See* Andrews Aff. & Ex. A.)  The only allowable travel expenses

17  are those to attend depositions.  *Id*. § 1033.5(a)(3).  The court has no discretion to allow costs for

18  any other travel under section 1033.5(c)(4).  *See Seever*, 141 Cal. App. 4th at 1557-59 (same

19  reasoning applies).  Because no depositions were taken in this case, Plaintiff's request for travel

20  expenses is denied.

21         Plaintiff also requested costs incurred for research.  It did not specify what kind of

22  research was conducted.  (*See* Andrews Aff. & Ex. A.)  Section 1033(b)(2) expressly provides

23  that investigation expenses are not allowable.  Furthermore, "[f]ees for legal research, computer

24  or otherwise, may not be recovered under section 1033.5."  *Ladas v. Cal. State Auto. Ass'n*, 19

25  Cal. App. 4th 761, 777 (1993).  Plaintiff's request for research expenses is therefore denied.

26

27         [4]      Two depositions were taken in Mr. Erwin's bankruptcy case.  (Aff. of Tyler
    Andrews in Supp. of Pl.'s Status Report dated Dec. 3, 2010 at 2.)  The costs incurred in those
28  depositions were awarded in the bankruptcy proceeding and are not a part of Plaintiff's motion
    to this court.  (*Id*.)

1   Last, Plaintiff requests costs incurred for the Pacer service, which is used to access this

2   court's dockets.  Section 1033.5 does not mention costs for electronically accessing the court's

3   docket.  Accordingly, the court may exercise its discretion pursuant to section 1033.5(c)(4)

4   regarding this item.  Any award of costs is subject to the minimum requirements that it be

5   actually incurred, reasonable in the amount, and "necessary to the conduct of litigation rather

6   than merely convenient or beneficial to its preparation."  Cal. Code Civ. Proc. 1033.5(c).

7   Plaintiff provided an affidavit stating that the costs were incurred in this case.  (Andrews Aff. at

8   2.)  This district requires counsel to electronically file pleadings and motions.  Generally, service

9   of motions and other papers is accomplished electronically, orders are disseminated to counsel

10   electronically, and the official court record is the electronic case file.  *See* Civ. Loc. Rule 5.4.

11   Accordingly, the Pacer fees were reasonably necessary to the conduct of litigation.  *See* Cal.

12   Code Civ. Proc. § 1033.5(c)(3).  The requested amount of $32.28 for Pacer fees is reasonable.

13   (*See* Andrews Aff. Ex. A.)  Plaintiff's request to allow Pacer fees as nontaxable costs in this

14   action is therefore granted.

15   Based on the foregoing, Plaintiff's request for attorney's fees and costs is granted to the

16   extent of $19,173.53 and denied in all other respects.

17   Finally, Plaintiff requests amendment of judgment to include postjudgment interest.  In

18   diversity cases, postjudgment interest is governed by federal law.  *Northrop Corp. v. Triad Int'l*

19   *Mktg S.A.*, 842 F.2d 1154, 1155-56 (9th Cir. 1988).  Postjudgment interest is mandatory.  28

20   U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in

21   a district court."); *see also Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d

22   288, 290 (9th Cir. 1995).  A judgment which does not include mandatory interest can be

23   amended pursuant to Rule 60(a), which allows for correction of clerical errors.  *See Hasbrouck*

24   *v. Texaco, Inc.*, 879 F.2d 632, 636 (9th Cir. 1989).  Plaintiff's request to amend the judgment to

25   include postjudgment interest is therefore granted.

26   The applicable interest rate is prescribed by 28 U.S.C. Section 1961:

27   Such interest shall be calculated from the date of the entry of the judgment, at a
rate equal to the weekly average 1-year constant maturity Treasury yield, as
28   published by the Board of Governors of the Federal Reserve System, for the

1    calendar week preceding the date of the judgment.

2  The judgment was entered on April 29, 2010.  The applicable rate is therefore 0.44%.  *See*

3  www.federalreserve.gov/releases/h15/20100426.

4    The interest is calculated from the date of the entry of judgment.  *See* 28 U.S.C.

5  § 1961(a).  This is so even if the judgment, as in this case, does not expressly include

6  postjudgment interest, because "such interest follows as a legitimate incident from the statute

7  providing for it."  *Tinsley v. Sea-Land Corp.*, 979 F.2d 1382, 1384 (9th Cir. 1992) (internal

8  quotation marks and citations omitted).

9    Postjudgment interest is calculated on the amount of the judgment "without regard to the

10  elements of which that judgment is composed."  *Air Separation*, 45 F.3d at 290 (internal

11  quotation marks and citation omitted.)  The judgment in this case is composed of the principal

12  amount owed under the agreements ($234,038.04), prejudgment interest ($74,371.60), and

13  attorney's fees and costs ($19,173.53).  Postjudgment interest applies to all of these elements.

14  *Id*. at 291 (principal sum, costs, prejudgment interest); *Corder v. Brown*, 25 F.3d 833, 838-39

15  (9th Cir. 1994) (attorney's fees).  The total final judgment of $327,583.17 is subject to a $3.95

16  per diem award of postjudgment interest until satisfied.  *See* 28 U.S.C. § 1961(b) (interest

17  computed daily).

18    Accordingly, Plaintiff's motion for attorney's fees and costs and to amend the judgment

19  to add pre- and postjudgment interest is **GRANTED IN PART AND DENIED IN PART**.  The

20  Clerk is directed to amend the judgment for Plaintiff entered on April 29, 2010 to add the

21  following:  "In addition, Plaintiff is awarded $74,371.60 in prejudgment interest and $19,173.53

22  for attorney's fees and costs.  Postjudgment interest shall accrue at the rate of $3.95 per day from

23  April 29, 2010 until this judgment is satisfied.  This judgment is entered jointly and severally

24  against Defendants Erwin & Balingit, LLP and Clarence M. Balingit."

25    **IT IS SO ORDERED**.

26  DATED: January 10, 2011

27  _____

   M. James Lorenz

28  United States District Court Judge

1  COPY TO:

2  HON. RUBEN B. BROOKS
   UNITED STATES MAGISTRATE JUDGE

3
   ALL PARTIES/COUNSEL

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv597